| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **December 12, 2019 Brief in Support of Defendant Bank of Hope's Motion to Dismiss (ECF No. 12)** | | | | | |
| Cover Page<br><br>Entire Line under "Document Electronically Filed" | Defendant requests that the designated information contained within this brief be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye* | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | certain criminal investigations into Plaintiff. (Moran Cert. ¶¶ 5-9). | | not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable. (Moran Cert. ¶ 14). | *Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief. (Moran Cert. ¶¶ 5-6). | |
| --- | --- | --- | --- | --- | --- |
| Page 8: Line 1 after "2014 memorandum" until line 4 before "Certification of Eric W. Moran, Esq."; Line 5 after "It also revealed a" until the end of line 6; Paragraph 2, line 2 after "debt to" until before "The Bank".; | Defendant requests that the designated information contained within this brief be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. (Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye* | There are no parties or nonparties known to be objecting to this sealing request. (Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| Paragraph 2, line 3 after "from" until line 5 before "loan was";<br><br>Paragraph 2, line 6 after "from" until before "which";<br><br>Paragraph 2, line 8 after "that" until line 9 before "The investigators". | certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | | not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | *Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Page 9:<br><br>Line 1 after "account of" until before "and $1,500";<br><br>Line 2 after "back to" until before "in December";<br><br>Paragraph 2, line 1 after "owed" until before "close";<br><br>Paragraph 2, line 3 after "check to" | Defendant requests that the designated information contained within this brief be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| until before "with the";<br><br>Paragraph 2, line 5 after "$18,000" until before "loan";<br><br>Paragraph 2, line 6 after "Id." Until end of line 8;<br><br>Paragraph 3, line 2 after "that" until end of line 4. | confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | | entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Page 11:<br><br>Paragraph 1, line 4 after "she stated" until before " had asked";<br><br>Paragraph 1, line 4 after "had asked' until line 5 before "take out;<br><br>Paragraph 2, beginning of line 2 until before "Chon"; | Defendant requests that the designated information contained within this brief be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| Paragraph 2, line 2 after "stated that" until before "who was"; <br><br> Paragraph 2, line 3 after "that" until the end of the line; <br><br> Paragraph 2, beginning of line 7 until the end of line 8. | highly sensitive and confidential government information related to certain criminal investigations into Plaintiff. <br><br> (Moran Cert. ¶¶ 5-9). | (Moran Cert. ¶ 13). | Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable. <br><br> (Moran Cert. ¶ 14). | Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief. <br><br> (Moran Cert. ¶¶ 5-6). | |
| Page 13: <br><br> Line 2 after "Chon's statements" until end of line 8. | Defendant requests that the designated information contained within this brief be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the | There are no parties or nonparties known to be objecting to this sealing request. <br><br> (Moran Cert. ¶ 15). |

| | highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | (Moran Cert. ¶ 13). | Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
|---|---|---|---|---|---|
| Page 21:<br><br>Paragraph 2, line 5 after "embezzlement" until line 8 before "See Compl." | Defendant requests that the designated information contained within this brief be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | (Moran Cert. ¶ 13). | Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Page 27: Paragraph 2, line 7 after "hard money lender" until line 8 before "consistent". | Defendant requests that the designated information contained within this brief be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.

(Moran Cert. ¶¶ 5-9). | (Moran Cert. ¶ 13). | Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.

(Moran Cert. ¶ 14). | Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.

(Moran Cert. ¶¶ 5-6). | |
|---|---|---|---|---|---|
| Page 28:

Line 1 after "debt to" until line 2 before "Moran Cert". | Defendant requests that the designated information contained within this brief be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the | There are no parties or nonparties known to be objecting to this sealing request.

(Moran Cert. ¶ 15). |

| | highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | (Moran Cert. ¶ 13). | Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| **December 12, 2019 Certification of Eric W. Moran, Esq. and Exhibits** **(ECF No. 13)** | | | | | |
| Page 1:<br><br>Entire Line under "Certification of Eric W. Moran, Esq." | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 1<br><br>Entire Exhibit | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 3<br><br>Page 37 of transcript, line 15;<br><br>Page 37 of transcript, line 22 after "from" until end of line 23; | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 3<br><br>Page 38 of transcript, line 14. | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 3<br><br>Page 40 of transcript, line 14. | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 3<br><br>Page 42 of transcript, line 16 after "from" until line 17 before "account". | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 3<br><br>Page 43 of transcript, line 11 after "and" until before "account";<br><br>Page 43 of transcript, line 15 after "only" until before "account". | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 3<br><br>Page 108 of transcript, line 22 after "concerning a" until line 23 before "?" | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 3<br><br>Page 109 of transcript, line 4 after "concerning" until before "?";<br><br>Page 109 of transcript, line 8 after "and" until before "?"; | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv- | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| Page 109 of transcript, line 9 after "A" until before "?";<br><br>Page 109 of transcript, line 13 after "as" until before "- -";<br><br>Page 109 of transcript, line 19 after "to" until end of line;<br><br>Page 109 of transcript, beginning of line 21 until before "can you";<br><br>Page 109 of transcript, line 22 after "A." until line 23 before "I think". | Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | 01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 3<br><br>Page 110 of transcript, line 16 after "named" until before "?"; | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| Page 110 of transcript, line 17 after "A." until before "but we". | highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 3<br><br>Page 111 of transcript, line 4 after "name of" until end of line; | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| Page 111 of transcript, line 20 after "was" until line 21 before "?"; <br><br> Page 111 of transcript, line 23 after "that" until end of line. | highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff. <br><br> (Moran Cert. ¶¶ 5-9). | holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. <br><br> (Moran Cert. ¶ 13). | Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable. <br><br> (Moran Cert. ¶ 14). | Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief. <br><br> (Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 3 <br><br> Page 112 of transcript, line 2 after "A." until before "and"; | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| Page 112 of transcript, line 2 after "called" until before ","; <br><br> Page 112 of transcript, beginning of line 3 until before "- - I'm sorry"; <br><br> Page 112 of transcript, line 6 after "A." until end of line. <br><br> Page 112 of transcript, line 7 after "Q." and before "?"; <br><br> Page 112 of transcript, line 20 after "A." until end of line; <br><br> Page 112 of transcript, line 21 after "Q" until line 22 before "?" | highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff. <br><br> (Moran Cert. ¶¶ 5-9). | holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. <br><br> (Moran Cert. ¶ 13). | Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable. <br><br> (Moran Cert. ¶ 14). | Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief. <br><br> (Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 3<br><br>Page 113 of transcript, line 2 after "A." until before 'told me";<br><br>Page 113 of transcript, line 8 after "A." until before "had";<br><br>Page 113 of transcript, line 8 after "for" until end of line;<br><br>Page 113 of transcript, beginning of line 9 until before "the accounts";<br><br>Page 113 of transcript, line 18 after "but" until before "would";<br><br>Page 113 of transcript, line 22 after "tell" until before "I can't". | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 3<br><br>Page 114 of transcript, line 5 after "with" until before ",he told";<br><br>Page 114 of transcript, beginning of line 9 until before "?";<br><br>Page 114 of transcript, line 14 after "to" until before "?"; | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

23

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 3<br><br>Page 115 of transcript, line 3 after "Did" until before "have";<br><br>Page 115 of transcript, line 13 after "Did" until before "ever";<br><br>Page 115 of transcript, line 15 after "by" until before "was";<br><br>Page 115 of transcript, line 19 after "and" and before "do". | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 3<br><br>Page 116 of transcript, line 2 after "with" until before ",I don't";<br><br>Page 116 of transcript, line 8 after "and" until end of line;<br><br>Page 116 of transcript, line 10 after "Always" until before "calls me";<br><br>Page 116 of transcript, line 13 after "with" until line 14 before "?". | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 3<br><br>Page 117 of transcript, line 15 after "A." until before "personal";<br><br>Page 117 of transcript, line 17 after "the" until before "received";<br><br>Page 117 of transcript, line 17 after "no" until line 18 before "received":<br><br>Page 117 of transcript, beginning of line 19 until before "to take";<br><br>Page 117 of transcript, line 21 after "say" until before "are";<br><br>Page 117 of transcript, beginning of line | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | There are no parties or nonparties known to be objecting to this sealing request.<br><br>(Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| 22 until before "?"; <br><br> Page 117 of transcript, line 25 after "was" until before "?" | | | | | |
| Exhibit 3 <br><br> Page 118 of transcript, line 3 after "that" until before "approached"; <br><br> Page 118 of transcript, beginning of line 4 until before "to take"; <br><br> Page 118 of transcript, line 9 after "-- so" until before "proposed"; <br><br> Page 118 of transcript, beginning of line 10 until before "I am"; | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff. | If filed on the public docket, the information will reveal confidential personal and financial information relating to Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. <br><br> (Moran Cert. ¶ 13). | Defendant requests that this document be sealed as the information contained therein will reveal the confidential information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related materials. However, a Discovery Confidentiality Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the | There are no parties or nonparties known to be objecting to this sealing request. <br><br> (Moran Cert. ¶ 15). |

| | | | | | |
|---|---|---|---|---|---|
| Page 118 of transcript, line 12 after "time" until end of line;<br><br>Page 118 of transcript, beginning line of line 14 until before "refused";<br><br>Page 118 of transcript, line 16 after "the" until before "proposal";<br><br>Page 118 of transcript, beginning of line 18 until end of line 20;<br><br>Page 118 of transcript, beginning of line 22 until before "had". | (Moran Cert. ¶¶ 5-9). | | "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | |
| Exhibit 4<br><br>Page 152 of transcript, beginning of line | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| 19 until end of line 20;<br><br>Page 152 of transcript, beginning of line 24 until before "?" | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 4<br><br>Page 153 of transcript, line 3 | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| after "named" until line 4 before "?"; <br><br> Page 153 of transcript, line 6 after "who" until before "is"; <br><br> Page 153 of transcript, line 8 after "is" until before "?"; <br><br> Page 153 of transcript, line 9 after "A." until end of line; <br><br> Page 153 of transcript, line 11 after "named" until end of line 12; <br><br> Page 153 of transcript, line 15 after "named" until before "?" | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff. <br><br> (Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. <br><br> (Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable. <br><br> (Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief. <br><br> (Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| **Exhibit 4** <br><br> Page 156 of transcript, line 10 | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| after "the" until line 11 before "?"; <br><br> Page 156 of transcript, line 21 after "name of" until end of line; <br><br> Page 156 of transcript, line 22 after "A." until end of line. | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff. <br><br> (Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. <br><br> (Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable. <br><br> (Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief. <br><br> (Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| **Exhibit 4** <br><br> Page 159 of transcript, line 17 after "the" until | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| line 18 before "accounts". | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 4<br><br>Page 160 of transcript, line 21 | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| after "named" until end of line. | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 4<br><br>Page 161 of transcript, beginning of line | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| 21 until end of line 25. | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 4<br><br>Page 162 of transcript, beginning of line 2 | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | | |
|---|---|---|---|---|---|
| until end of line 25. | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 4<br><br>Page 163 of transcript, beginning of line 2 | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| until end of line 25. | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 4<br><br>Page 164 of transcript, beginning of line 1 | Defendant requests that the designated information contained within this certification and the exhibits annexed hereto be sealed | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | |
|---|---|---|---|---|
| until end of line 11. | because it contains personal, highly sensitive and confidential information related to Defendant's account holders, and because it in part relates to information that was the subject of the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This information related to highly sensitive and confidential government information related to certain criminal investigations into Plaintiff.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 5<br><br>Entire Exhibit | Defendant requests that this document be sealed because it was produced subject to the Discovery Confidentiality Order | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | |
|---|---|---|---|---|
| | entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This document contains highly sensitive and confidential government information related to certain criminal investigations into Plaintiff, as well as personal, highly sensitive and confidential information related to Defendant's account holders.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |
| Exhibit 6<br><br>Entire Exhibit | Defendant requests that this document be sealed because it was produced subject to the Discovery Confidentiality Order | If filed on the public docket, the information will reveal confidential personal and financial information relating to | Defendant requests that this document be sealed as the information contained therein will reveal the confidential | Defendant is unaware of any prior orders entered in the Pending Action sealing the same or related | There are no parties or nonparties known to be objecting to this sealing request. |

| | | | | |
|---|---|---|---|---|
| | entered in the Embezzlement Action and the Protective Order entered in the Criminal Action. This document contains highly sensitive and confidential government information related to certain criminal investigations into Plaintiff, as well as personal, highly sensitive and confidential information related to Defendant's account holders.<br><br>(Moran Cert. ¶¶ 5-9). | Defendant's account holders, and will place Defendant in violation of its continuing duty to comply with the Discovery Confidentiality Order entered in the Embezzlement Action and the Protective Order entered in the Criminal Action.<br><br>(Moran Cert. ¶ 13). | information of Defendant's account holders, therefore subjecting the account holders to untold harm due to the public disclosure of such information. In addition, Defendant seeks to comply with its continuing obligation under the Discovery Confidentiality Order entered in the Embezzlement Action not to make publicly available any of the documents produced with the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to said Order. No less restrictive alternative is available or practicable.<br><br>(Moran Cert. ¶ 14). | materials. However, a Discovery Confidential Order was entered in the Embezzlement Action, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (ECF No. 149) and a Protective Order was entered in the Criminal Action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (ECF No. 42), and each applies to certain of the documents referenced in Defendant's Brief.<br><br>(Moran Cert. ¶¶ 5-6). | (Moran Cert. ¶ 15). |