## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SUK JOON RYU, a/k/a James S.
Ryu,

     Plaintiff,

     v.

BANK OF HOPE,

     Defendant.

Civ. No. 19-18998 (KM) (JBC)

**MEMORANDUM and ORDER**

This matter has come before the Court on the defendant's motion to dismiss Count I (malicious use of process) of the complaint (DE 11), pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Ryu argues that the motion to dismiss improperly relies on materials extrinsic to the complaint:

> What the Bank is trying to do is place before the Court selective portions of documents and testimony and use those selective portions to challenge the allegations of the Complaint. This is clearly improper, and if accepted by the Court would turn the Rule 12(b)(6) standard on its head.

(DE 18 at 10). Ryu concedes that he references most or all of the documents at issue in his complaint, but argues that the bank goes to too far in using them to contradict the allegations in the complaint:

> The problem is not the reliance on these documents per se, because most of them were referenced in the Complaint, but rather that the Bank is seeking to misuse these documents to argue the facts, which is not the purpose for which courts permit parties to attach extrinsic documents to a complaint.

(DE 18 at 9).

The Court was unsure what was meant by "selective portions" of the documents. I was also unsure what the plaintiff meant by arguing that certain

documents support of his allegations while denying defendant the opportunity to argue that the same documents contradict his allegations.

Nevertheless, I was concerned that all parties be certain of what evidence and allegations they were called upon to meet. In an abundance of caution, I entered an order deeming the motion to be one for summary judgment, pursuant to Fed. R. Civ. P. 12(d), and granting the plaintiff an opportunity to present additional materials pertinent to the motion.[1]

Plaintiff responded with an emergency motion for clarification. (DE 23) In it, he asks whether the court meant to throw the matter open for a full summary judgment motion, or preferred to maintain a kind of hybrid status:

> One possible reading of the Court's order (which Plaintiff believes is the most logical reading) is that the Court is requiring Plaintiff to show why summary judgment should not be granted, given the materials that Defendant has brought to the Court's attention, *but assuming that all of the well-pleaded factual allegations in the Complaint are true*, . . . .

(DE 23 (emphasis in original)). "Logical" it may be, but there is no such hybrid procedure provided for in the Federal Rules.

The confusion may have its roots in the peculiar nature of the tort of malicious use of process. That tort has five elements: that (1) a civil action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute the action; (4) the action was terminated favorably to the plaintiff; and (5) the plaintiff has suffered a special grievance caused by the institution of the underlying civil claim. *LoBiondo v. Schwartz*, 199 N.J. 62, 90 (2009) (citing *Lind v. Schmid*, 67 N.J. 255, 262 (1975)). The reports and other documents are not cited so that the court may make its own factual findings as to whether the declarants are

---

[1]    I except from this analysis the prior summary judgment opinion of Judge Linares, which is subject to judicial notice.

telling the truth or not. As to element 3, for example, the court is only required to determine what information the bank had in its possession at the time and make a determination as to whether it rose to the level of reasonable cause to file a civil complaint.[2] All five elements, of course, must be established, but that lack of reasonable cause is the gist of the tort.

Better to turn square corners here. In light of the plaintiff's perplexity, I have reconsidered my Rule 12(d) order. To ensure that plaintiff has had a reasonable opportunity to respond based on clear procedures, I am going to do the following. The motion to dismiss will be denied, based solely on the defendant's citation of extrinsic documents. I will, however, authorize the defendant to recast its arguments as a separate motion for summary judgment under Rule 56. Any such motion should focus on the element or elements of the tort that may be resolved without the need for resolution of questions of a party's mental state or other issues of fact. If such a motion is not filed within 45 days, it must await the completion of fact discovery and the Magistrate Judge's scheduling of motions in the case as a whole.

The defendant may attach to its motion such evidence as it may possess, including but not limited to Judge Linares's prior ruling and the other materials cited in its motion to dismiss. The plaintiff may respond with such arguments and evidence as it may possess. As in any summary judgment motion, the plaintiff may argue that, in the current posture, necessary facts are not yet available to him. *See* Fed. R. Civ. P. 56(d). As to that issue, the court will not accept generalities. The plaintiff will be required to give specifics as to what more is required concerning particular elements of the tort. Some

---

[2]     The terminology is confusing because it misleadingly suggests the application of criminal law standards. In the civil tort context, courts have sometimes maintained the distinction by using the term "reasonable cause" instead, and I will do so as well. *See Westhoff v. Kerr S.S. Co.,* 219 N.J. Super. 316, 321 (App. Div. 1987).

elements are more fact-bound than others, and there have already been two related federal-court litigations between these parties.

## ORDER

Accordingly, **IT IS** this 31st day of July, 2020,

**ORDERED** that the motion for clarification (DE 23) is GRANTED; and it is further

**ORDERED** that the defendant's motion to dismiss Count I of the complaint (DE 11) is **DENIED**; and it is further

**ORDERED** that the defendant is authorized to file a motion for summary judgment on Count I only. This authorization expires after 45 days, at which point all motions will be subject to the Magistrate Judge's scheduling of discovery and dispositive motions for the case as a whole. In the meantime, discovery and other proceedings in the case will not be stayed.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**

4