# EXHIBIT A

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 7 | Second, **Chon had obvious motives to lie including to protect her husband and to conceal the money she stole so she could access it later. The Bank made no effort to investigate these possibilities and, as noted, acted suspiciously uninterested in locating or recovering any stolen funds.** | The Bank is without information or knowledge sufficient to form a belief as to the truth of the allegations related to Chon's motives, and therefore they are deemed denied. The Bank denies the remainder of the allegations in Paragraph 7 of the Complaint. | Motion to Strike: Improper denial based on a lack of knowledge | The Bank is without direct knowledge of what Chon's motives were.  The Bank does not accept Ryu's assertion that her motives were to "protect her husband," which implies that her husband was complicit on the fraud.  Nor does it accept Ryu's assertion that her motives included to "conceal the money she stole so she could access it later."  While Ryu might have conceived of these potential motives, the Bank does not accept Ryu's argumentative assertion that such motives were "obvious."  The Bank rejects the notion that it made "no effort to investigate" the concepts that Ryu conceives of, that the Bank "acted suspiciously" or that it was "uninterested" in locating or recovering any stolen funds.  It is absurd to think that the Bank would admit to the argumentative assertions in this allegation. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 9 | Fourth, after initially acting as if she were cooperating with the Bank, Chon hired a lawyer and refused to cooperate. In contrast, Ryu met with the Bank and its counsel, answered all questions, and offered to make himself available as much as needed, without the assistance of any lawyer. | Denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this paragraph. Pai Dep. 150:24-153:23, 299:6-305:16, 434:13-448:21, 566:4:1-567:7. | Paragraph 9 comes in the context of, and is a continuation of, the assertions made in paragraph 6, which begins by arguing "[t]here were several large problems with Chon's tale and the Bank's ostensible reliance on it.  First . . . ," and it goes on to argumentatively list purported "problems" with Chon's implication of Ryu.  The Bank rejects those argumentative assertions in paragraph 6, which modify the following four paragraphs, including paragraphs 9 and 10.  Paragraph 9 also is infused with argument that the Bank rejects.  The Bank rejects the argumentative assertions that Chon "initially act[ed] as if she were cooperating," suggesting that she initially feigned cooperation.  Moreover, it is Ryu's assertion that Chon "refused to cooperate" which is peculiarly within his experience. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 10 | Fifth, the Bank knew that Chon had worked for another predecessor of the Bank and had left her employment under suspicion of embezzlement. In other words, the Bank ostensibly accepted the word of a person who admitted embezzling all of the money at issue and who was suspected of embezzlement on a prior occasion. | Denied. | Rule 11:  there is some evidence for denying discrete aspects or details of the allegation but no support for denying it in its entirety.<br><br>The Bank should at least have admitted the first sentence. Ryu-12 (WB798), Ryu-13 (WB811-12); Pai Dep. 24:3-22, 90:19-95:11, 153:24-154:22. | Paragraph 10 comes in the context of, and is a continuation of, the assertions made in paragraph 6, which begins by arguing "[t]here were several large problems with Chon's tale and the Bank's ostensible reliance on it.  First . . .," and it goes on to argumentatively list purported "problems" with Chon's implication of Ryu.  The Bank rejects those argumentative assertions in paragraph 6, which modify the following four paragraphs, including paragraphs 9 and 10.  Paragraph 10 continues the argument and oversimplifies the facts to the point of mischaracterizing them.  The Bank did not just accept Chon's word, it made decisions based on the totality of circumstances surrounding the investigation.  Furthermore, the  first sentence is contradicted by Ryu's own deposition testimony. In his capacity as the Bank's COO and Chief Compliance Officer, Ryu inquired into Chon's history at Liberty Bank. Ryu testified that it would have been "nonsensical" to pay any mind to the allegations. *See*  June 14, 2018 Deposition of James Ryu at 290:3-295:11. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 16 | Ryu's counsel had only a brief chance to question Chon at that deposition, and sought to depose her on another day, but Chon refused. She evaded court orders requiring her to sit for a further deposition for almost two more years, before she pleaded guilty to embezzlement, and went to prison. Ryu's counsel got a court order requiring her to appear for her deposition in prison in March 2018. | Admitted only that Ryu obtained a Court Order on February 26, 2018 related to Chon's deposition. The remainder of the allegations in Paragraph 16 are denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.<br><br>These facts are absolutely true based on the deposition transcript, the dialogue among counsel that day and thereafter, the correspondence between counsel and also with the Court and the Bureau of Prisons, and multiple courts orders on the subject. The Bank should have admitted this paragraph. | The Bank does not accept the argumentative shading of the facts in paragraph 16.  Ryu's counsel had a "brief" chance to question Chon, that Chon "evaded" court orders requiring her deposition "for almost two more years."  That is not how the bank would convey the facts, and the Bank is not required to accept the argumentative and charged language that Ryu used. It was appropriate for the Bank to admit the facts that were true without adopting Ryu's argument in the process. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 17 | Between Chon's depositions in 2016 and 2018, Ryu's counsel forced Chon to produce documents that the government had provided to her in preparation for her criminal trial. Among these documents was the Federal Bureau of Investigation ("FBI") memo showing that Chon initially told the FBI in February 2014 that Ryu had no role in her crime and that she had lied about this to the Bank at the suggestion of Bank employees. The Bank reviewed those memos in December 2016 and yet continued its claim against Ryu **based exclusively on Chon's ever-changing, unbelievable, and uncorroborated story of Ryu's involvement in her embezzlement which the FBI clearly did not credit.** | Admitted only as to the existence and production of the FBI memorandum, which speaks for itself. The remainder of the allegations in Paragraph 17 are denied. | Motion to Strike: Improper reference to documents | The Bank admitted to the existence and production of the FBI reports. The problems with the rest of this allegation are myriad. Chon's implication of Ryu was not "ever-changing." She was not "unbelievable." Her statements were not "uncorroborated." The FBI report does not state that Chon "lied to the Bank ... at the suggestion of Bank employees." Furthermore, the Bank had no idea whether law enforcement credited her statement or, as often occurs, determined that it did not have enough evidence to convict Ryu beyond a reasonable doubt. Therefore, the Bank appropriately denied the allegation, and referred to the documents underlying it. Ryu's position that the Bank should have further admitted to its argument that the Bank "continued its claim against Ryu based exclusively on Chon's ever-changing, unbelievable, and uncorroborated story of Ryu's involvement in her embezzlement which the FBI clearly did not credit" is absurd. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 20 | **Ever spiteful, the Bank could not resist, in one last parting shot,** to claim in its motion to terminate with prejudice its claims against Ryu that he was involved in the embezzlement: "Bank of Hope maintains that its claims against Ryu have merit . . . ." **This confirms the malicious nature of the Bank's motives throughout the case. It was a gratuitous statement, and clearly intended to inflict further harm on Ryu.** | Admitted only that the Bank maintained in its Motion for Voluntary Dismissal that its claims against Ryu had merit. The Bank's motion to dismiss the embezzlement action speaks for itself. The remainder of the allegations in Paragraph 20 are denied. | Motion to Strike: Improper reference to documents | The argumentative assertions in this allegation totally belie Rule 8(a)'s "short and plain" statement requirement and argue the way one would in a brief. The Bank rejects that it was "[e]ver spiteful."  It rejects the statement that it "could not resist" making the statements it did in its motion to dismiss - it was obligated to state the basis of dismissal and it did so truthfully.  This is particularly true given that it had successfully defended a summary judgment motion months earlier before the same Judge - Judge Linares - who carefully considered the matter and found that the Bank's evidence against Ryu was sufficient to go to a jury.  The Bank rejects the notion that it acted "maliciously," which also is a legal conclusion not requiring a response.  The argument that the Bank should have admitted this allegation, or should be deemed to have admitted this allegation, reveals that this motion is designed to harass. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 26 | The Bank is a Korean American bank, which means that most of its customer base, employees, and leadership is Korean American and it markets its banking products and services primarily but not exclusively to Korean Americans. | Admitted only that the Bank is a bank. The remainder of the allegations in Paragraph 26 of the Complaint are denied. | Rule 11:  there is some evidence for denying discrete aspects or details of the allegation but no support for denying it in its entirety.<br><br>The Bank's website and marketing materials refer to the Bank as a Korean American bank. The Bank should have admitted that it is a Korean American bank. | This claim underscores the absurdity of Ryu's Rule 11 notice.  Just because Ryu colloquially refers to Bank of Hope as "Korean American bank" does not mean that Bank of Hope must accept that.  There is no regulatory designation that contemplates a "Korean American bank."  Bank of Hope "serves a multi-ethnic population of customers through 58 full-service branches across eight states."  Bank of Hope properly admitted it is a "bank." Furthermore, Lisa Pai testified that she would describe the Bank as a "Korean American focused bank," rather than a "Korean American Bank." July 13, 2017 Deposition of Lisa Pai at 12:25-14:8 ("All of the banks I have worked for are Korean American focused bank. Q. Is that the term you used in your job; if you were explaining to someone, you would say Korean American focused? A. Yes.") |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 43 | In or around January 15, 2014, the Bank discovered that H.S. Hur was engaged in creating New Millennium Bank as a Korean American bank to compete with the Bank in northern New Jersey. | Admitted only that H.S. Hur was involved in creating New Millennium Bank. The remainder of the allegations in Paragraph 43 of the Complaint are denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this allegation. Ryu-32a; E. Jeon Dep. 83:5-86:22. | The Bank appropriately admitted to its former CEO's involvement in creating New Millennium Bank.  Ryu continues his allegation to describe H.S. Hur's intent in creating New Millennium Bank - "as a Korean American bank to compete with the Bank in northern New Jersey."  The Bank does not have independent knowledge of Hur's intent.  Ryu cites to deposition transcripts that do not support this additional aspect of the allegation; however, the deposition testimony he cites discusses nothing about competition, or some kind of an anti-competitive intent on the Bank's part, as is implied in the allegation.  The Bank does not accept Ryu's characterization of the allegation and therefore denied it. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 46 | One week after it got word of a new competitor led by Hur and Ryu, the Bank learned of Chon's embezzlement when a Bank employee discovered irregularities in the vault cash account at the Fort Lee branch, where Chon had worked, and contacted Chon for an explanation. Chon attended a meeting with two Bank employees on January 22, 2014. At this meeting, she confessed to the Bank employees that she had embezzled money from BankAsiana for years by debiting CD accounts and crediting a vault cash account. Chon stated that she transferred funds from one CD account to another to cover the shortage in the CD accounts she had debited. Chon also stated that she funneled some of the stolen money into her husband's business accounts he had at BankAsiana, and that she had forged his signature on checks for the business accounts. **Chon said nothing about Ryu being involved.** | Admitted only that the Bank learned of Chon's embezzlement and met with her to investigate same. The result of the Bank's investigation was memorialized in internal memoranda, which speak for themselves. The remainder of the allegations in Paragraph 46 of the Complaint are denied. | Motion to Strike: Improper reference to documents | This 150-word allegation centers on the Bank's January 22, 2014 interview of Chon, where she admitted to the embezzlement.  This paragraph purports to characterize what was said at that meeting, and culminates in the allegation that "Chon said nothing about Ryu being involved."  Paragraph 46 does not disclose that Chon admitted on that day that she acted with in concert with someone, and that she identified that person as Ryu the very next day.  *See* October 13, 2016 Deposition of Bo Young Lee at 17:7-20:11; 21:19-22:8. While Chon did not say his name on January 22, it is not true that she "said nothing about [him] being involved."  The Bank accordingly denied this allegation. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 47 | The following day, January 23, 2014, Chon attended another meeting with the same two Bank employees plus Alicia Lee, the Bank's first vice president and operations administrative manager, who had flown to New Jersey from Los Angeles overnight to interview Chon. Chon again confessed to embezzling money from BankAsiana. | Admitted only that Chon met with Bank employees and confessed to embezzling money. The remainder of the allegations in Paragraph 47 of the Complaint are denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this paragraph. See Ryu-3, Ryu-12, Ryu-13, Hamersky Dep. 30:8-32:18. | The Bank essentially admitted to the thrust of this allegation. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 48 | At this meeting, in response to a suggestion from the Bank employees, Chon first claimed that Ryu was also involved in her embezzlement. Chon stated that Ryu initially contacted Chon and asked her for a personal loan to which Chon responded no. According to Chon, Ryu then asked Chon if there was any way that she could facilitate a $10,000 "loan" to him, which she understood to be a request to steal from the Bank. As a result, Chon stole $10,000 from the Bank in cash and delivered it to Ryu, Chon told the Bank. Chon also stated that after the initial $10,000, she provided cash to Ryu whenever he asked for it. She stated that sometimes she delivered the stolen cash to Ryu, and other times he came to the Fort Lee Branch to pick it up. Chon stated that Ryu contacted her by BankAsiana company phone, not home or cell phone, when he wanted her to give him cash. Chon also stated that money she embezzled went to her husband's business use, and she admitted to forging her husband's signature to issue checks from her husband's BankAsiana business account. | Admitted only that Chon implicated Ryu in the embezzlement from the Bank. The remainder of the allegations in Paragraph 48 of the Complaint are denied. | Rule 11:  Except for the words "in response to a suggestion from the Bank employees," which is based on Ryu-20 at 4 ("Chon lied about James Ryu's involvement because the bank auditors suggested to Chon that Ryu was involved."), these facts are all based directly on Ryu-3, Ryu-12 (WB797-98), and Ryu-13 (WB810-11). See also Pai Dep. 36:6-39:15; 194:5-11; Hamersky Dep. 30:8-32:18. The Bank should have admitted this paragraph. | The Bank does not accept the allegation that Chon's statements were coerced or "suggest[ed]" by Bank investigators, which underpins, and modifies, this entire allegation.  This is a good example of how Ryu attempts to entangle argument within alleged statements of fact so as to try an elicit some favorable admission.  This is improper, the Bank does not accept the premise of assertions in this allegation, and it is entitled to reject them. Furthermore, Plaintiff's record citations are inconsistent with Paragraph 48. Ryu-13, cited by the Plaintiff, actually states that Chon admitted to "funnel[ing] some of the misappropriated funds to her husband's business accounts" and forging his signature at the January 22, 2014 meeting, not the January 23, 2014 meeting. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 49 | Two days later, on January 25, 2014, the Bank searched its records and discovered checks made out to Ryu that he had deposited in his checking account at the Bank in December 2013 and January 2014. The checks showed that they were payment for salary and expenses for Ryu's work on New Millennium Bank. | Admitted only that the Bank conducted an investigation and reviewed certain checks. The content of those checks speaks for itself. The remainder of the allegations in Paragraph 49 of the Complaint are denied. | Motion to Strike: Improper reference to documents | Instead of saying what the checks "stated," plaintiff alleges that the checks "showed," suggests that the checks proved conclusively to the Bank at that moment that the checks were compensation for salary.  Indeed, Bank employees were skeptical that these checks were actually for "salary and expenses." In her January 25, 2014 email sharing the checks with her supervisor, Alicia Lee wrote "The checks indicates [sic] that Mr. Ryu is receiving some sort of payments (payroll?) from New Millennium Bank." *See*  Ryu 40 at 1. Orest Hamersky likewise suspected that the stolen funds may have been used by Ryu and others to finance the acquisition of Millennium Bank. *See* February 15, 2018 Deposition of Orest Hamersky at 97:17-99:7. Given these facts, the Bank properly responded that the checks speak for themselves, and rejected plaintiff's characterization of those checks. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 50 | Less than a week later, on January 29, 2014, an article about New Millennium Bank, which mentioned Ryu's role as chief operating officer, appeared in an industry report. The following day, the Bank's chief financial officer circulated a copy of the report to the Bank's board of directors as well as the Bank employees who were participants in the investigation of the embezzlement. The cover email specifically called out Ryu's involvement in New Millennium Bank. | Admitted only that an article appeared on a website related to New Millennium Bank. The contents of that article speak for themselves. | Motion to Strike: Improper reference to documents<br><br>Rule 11: there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this paragraph. See Ryu-43. | The Bank properly admitted the thrust of Paragraph 50. The article and email were both produced as part of the Embezzlement Action. *See* Ryu 43, January 30, 2014 Email Enclosing Article. |
| 52 | Two FBI agents interviewed Chon outside of her residence on February 7, 2014. Notably, this interview took place after Chon had told the Bank that Ryu was involved in the embezzlement. | Admitted only that Chon was interviewed by the FBI. The Bank lacks information and knowledge sufficient to form a belief as to the remainder of the allegations in Paragraph 52 of the Complaint, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge<br><br>Rule 11: there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this paragraph as the FBI interview memoranda show that it is true. | The Bank fairly responded to this allegation, and admitted that the interview took place. The contents of the report of the interview speak for themselves. The Bank does not admit the truth or falsity of their contents or deem them inherently reliable for any evidentiary purpose. The Bank does not agree that the contents of an FBI memorandum, which comprises the notes and impressions of the agent, necessarily "show that it is true." The Bank appropriately partially admitted and partially denied this allegation. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 53 | The FBI drafted a memo of the February 7 interview of Chon, which reported that "CHON immediately admitted that she had acted alone." She said that "no one else at BANKASIANA knew that she was stealing money from the bank while she was doing it." She also said that ""JAMES RYU was not involved in the scheme to steal money from the CD accounts." Further, she said that she had "lied about JAMES RYU's involvement because the bank auditors suggested to CHON that RYU was involved. The auditors seemed to suspect RYU from the beginning. They did not believe that CHON accomplished the scheme by herself. CHON agreed with the auditors that JAMES RYU was involved." | Denied. The memoranda of interviews of Chon drafted by the FBI speak for themselves. | Motion to Strike: Improper reference to documents | The Bank correctly replied that the FBI report says what it says. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 54 | The FBI interviewed Chon a second time on February 11, 2014. During this interview, Chon **changed her story yet again**. This time she said that approximately three years before, she found out that Ryu needed money, and around this same time she started taking money out of CD accounts at the Bank. She said it was her idea to take money out of the CD accounts, and that the first time Ryu asked her to steal for him was around the same time he asked her for a personal loan. She said she told Ryu about her scheme, and she claimed Ryu told her to get him some money and he would pay it back, but he never gave her any money back. She claims that she funneled $600,000 to $700,000 to Ryu. | Admitted only that Chon implicated Ryu in the embezzlement during her interview with the FBI on February 11, 2014. The memoranda of interviews of Chon drafted by the FBI speak for themselves. The remainder of the allegations in Paragraph 54 of the Complaint are denied. | Motion to Strike: Improper reference to documents | The thrust of this allegation is that Chon's statements about Ryu's involvement was ever-changing.  In this allegation, Plaintiff seeks to argue about purported inconsistencies in different statements made by Chon. This is improper argument, and the Bank does not accept this characterization of Chon's statements. |
| 55 | In **mid-January 2014, Ryu began having problems with his debit card** and accessing funds in his checking account. The balance of the account at that time was approximately $54,000. Ryu called **several Bank employees** to resolve the debit card issue, but the issue was not resolved. | The Bank is without information or knowledge sufficient to form a belief as to the truth of the allegation set forth in Paragraph 55, and accordingly, it is denied. | Motion to Strike: Improper denial based on a lack of knowledge | This allegation describes experience particular to Ryu - he was "having problems with" his debit card.  The Bank does not have information sufficient to admit or deny Ryu's personal experiences and perceptions concerning how he discovered the administrative hold on his account.  Nor does the bank have particular knowledge to admit or deny the vague statement that he called "several" employees, and he does not identify those employees.  That, too, articulates something that Ryu did and which the Bank would have no specific knowledge of at the time he allegedly made those calls. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 56 | **Ryu later discovered** that the debit card issue was a result of the Bank's freezing of his checking account **ostensibly in response to Chon's false accusation that he conspired with her to embezzle money**. | The Bank is without information or knowledge sufficient to form a belief as to the truth of the allegation set forth in Paragraph 56, and accordingly, it is denied. | Motion to Strike: Improper denial based on a lack of knowledge | This allegation concerns experiences and impressions peculiarly within Ryu's knowledge.  It alleges information about what Ryu discovered and when he discovered it, of which the Bank does not have direct knowledge.  Nor does the Bank have direct knowledge as to what was "ostensible" to Ryu.  Notably, this allegation is independently deniable because the Bank does not admit that it acted "in response to" a  "false accusation" by Chon.  The Bank acted on all the facts it had before it at the time. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 59 | **Ryu was perplexed** as to why the Bank had not reached out to him to discuss **Chon's lies** as part of their investigation, so he called Lisa Pai ("Pai"), who was executive vice president and chief legal and human resources officer of the Bank, on or about February 10, 2014. **Ryu knew Pai** through dealings in connection with the sale of BankAsiana to the Bank in 2013. | Admitted only that Ryu contacted Lisa Pai. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegation set forth in Paragraph 59, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge. Rule 11: The Bank cannot in good faith claim to lack sufficient information or knowledge to answer regarding the date of the call, Pai's titles, and whether Ryu in fact knew Pai through dealings in connection with the sale of BankAsiana. The Bank should have admitted these allegations. | This allegation concerns experiences and impressions peculiarly within Ryu's knowledge.  The Bank has no way of ascertaining whether Ryu was "perplexed" at some point in time, over what.  This allegation also assumes (a) that Chon lied multiple times; (b) that the Bank knew about certain lies in February 2014, yet Ryu does not specify the purported "lies" to which he is referring, and the Bank has no independent knowledge of what purported "lies" to which he is referring.  This allegation also purports to convey Ryu's view of how he "knew" Ms. Pai ("through dealing in connection with the sale of BankAsiana"), which is an impression personal to Mr. Ryu. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 60 | During their conversation, Pai confirmed that the Bank was investigating Ryu for possible embezzlement **due to Chon's statement**. Ryu **vehemently denied** any involvement in the embezzlement and said that Chon had lied. | Admitted only that Ryu was informed of the investigation. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 60, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge

Rule 11:  improper claim of lack of knowledge or information

The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | The Bank denies that "Pai confirmed that the Bank was investigating Ryu for possible embezzlement due to Chon's statement." The Bank also denies that Ryu "said that Chon had lied." Furthermore, whether Ryu was "vehement" in his denial is peculiarly within his knowledge, and the Bank does not have independent knowledge about Ryu's mindset in making statements to Ms. Pai.  Nor does the Bank accept Ryu's statement that the Bank was acting *only* "due to Chon's statement," which is implicit in this allegation, and which makes it independently deniable. |
| 61 | Pai also confirmed that the Bank **froze Ryu's checking account** while they were investigating him. | Admitted only that the Bank placed an administrative hold on Ryu's checking account during the investigation. | Motion to Strike: Improper denial based on a lack of knowledge | This is not a denial due to lack of sufficient information.  The Bank appropriately admitted that it placed an "administrative hold" on the Bank account and does not adopt Ryu's charged language that it "froze" his account. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 62 | Pai then demanded Ryu preserve all files on his two BankAsiana computers and return them. Ryu responded that BankAsiana permitted him to take and keep the computers, but he would preserve all files and return the computers **to show his cooperation and that he had nothing to hide**. | Admitted only that the Bank made demand for Ryu to return bank property. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 62, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge<br><br>Rule 11:  improper claim of lack of knowledge or information<br><br>The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | This allegation purports to characterize Ryu's statements without specifically quoting him, and then makes allegations about Ryu's intent behind making those statement -- namely, "to show his cooperation and that he had nothing to hide."  The Bank does not accept the characterization of the conversation, nor does it have direct knowledge sufficient to admit or deny Ryu's assertions about why he purportedly said such things.  The Bank responded appropriately. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 63 | Pai stated that she would be in the New Jersey area within the week and asked Ryu if he would be willing to meet with her and the Bank's outside counsel, Michael M. Yi. Ryu agreed. | Admitted only that the Bank arranged to meet with Ryu. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 63, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge<br><br>Rule 11:  improper claim of lack of knowledge or information<br><br>The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | The Bank appropriately admitted to the substance of the conversation alleged. The Bank does not agree with the characterizations of the conversation, which is paraphrased without quoting the parties. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 66 | Ryu informed Pai and Yi that he met with Chon right before their meeting and that he recorded his conversation with her. Ryu told them that Chon said she would tell the Bank that she lied about his involvement in the embezzlement. | The Bank is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66, and accordingly, they are denied, except that the Bank admits that Ryu made certain statements about having met with Chon, having recorded that meeting, and having offered to help Chon in repaying the embezzled funds to the Bank, and Ryu further stated that Chon stated she would clear Ryu of wrongdoing. | Motion to Strike: Improper denial based on a lack of knowledge<br><br>Rule 11:  improper claim of lack of knowledge or information<br><br>The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | This is an appropriate partial admit and deny answer. The Bank does not adopt plaintiff's characterization of the conversation, which was not recorded nor transcribed to the Bank's knowledge.  The facts alleged in this paragraph do not appear in Ms. Pai's account of that meeting, provided at the August 18, 2017 Deposition of Lisa Pai at 434:17-447:18. This allegation concerns allegations within Ryu's knowledge and available for Ryu to testify and thus the Bank's declining to adopt Ryu's characterization of this conversation can result in no prejudice to him. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 68 | Pai and Yi asked Ryu about his relationship with Chon. Ryu explained that there was no personal relationship between him and Chon, and that he did not hire, supervise, or promote her. He further explained that **he did not communicate with her regularly**, and that his only meetings with her were monthly lunches with her and other employees to discuss branch operations. | Admitted only that Ryu was interviewed during the course of the investigation and made certain statements about his relationship with Chon. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 68, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge

Rule 11:  improper claim of lack of knowledge or information

The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | This is an appropriate partial admit and deny answer. The Bank does not adopt plaintiff's characterization of the conversation, which was not recorded nor transcribed to the Bank's knowledge. The facts alleged in this paragraph do not appear in Ms. Pai's account of that meeting, provided at the August 18, 2017 Deposition of Lisa Pai at 434:17-447:18. Furthermore, this allegation concerns allegations within Ryu's knowledge and available for Ryu to testify and thus the Bank's declining to adopt Ryu's characterization of this conversation can result in no prejudice to him. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 70 | Ryu confirmed that he began working with New Millennium Bank in October 2013, and that recent deposits were payments for his work for New Millennium Bank. | Admitted only that Ryu made certain statements concerning his relationship with New Millennium Bank. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 70, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge<br><br>Rule 11:  improper claim of lack of knowledge or information<br><br>The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | This is an appropriate partial admit and deny answer. The Bank does not adopt plaintiff's characterization of the conversation, which was not recorded nor transcribed to the Bank's knowledge.  The facts alleged in this paragraph do not appear in Ms. Pai's account of that meeting, provided at the August 18, 2017 Deposition of Lisa Pai at 434:17-447:18. Furthermore, this allegation concerns allegations within Ryu's knowledge and available for Ryu to testify and thus the Bank's declining to adopt Ryu's characterization of this conversation can result in no prejudice to him. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 71 | Ryu asked for the basis of Pai and Yi's questions regarding New Millennium Bank and payments he received for his work, and what relationship they thought they had with Chon's embezzlement. Yi responded that they wanted to determine whether Ryu was involved in the embezzlement because he needed money to invest in New Millennium Bank. Ryu explained that he was not an investor. | Admitted only that Ryu was interviewed during the course of the investigation regarding his relationship with Chon and his financial motivations, and that Ryu made certain statements about not being an investor in New Millennium Bank. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 71, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge<br><br>Rule 11: improper claim of lack of knowledge or information<br><br>The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | In these paragraphs, Ryu is attempting to script a conversation that, to the Bank's knowledge was not recorded nor transcribed. The Bank does not accept Ryu's verbatim transcription of this conversation that occurred over six years ago, and does not admit the allegation. Ryu is improperly trying use what should be a "short and plain" statement as a way of playing "gotcha" litigation and attempting to elicit statements favorable to him. Furthermore, the Bank specifically denies part of Paragraph 71. The Bank denies that the Bank's counsel stated "that they wanted to determine whether Ryu was involved in the embezzlement because he needed money to invest in New Millennium Bank." |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 72 | Pai and Yi then asked Ryu about two failed retail businesses Ryu was involved with in 2010. Again, Ryu questioned the relationship between these businesses in 2010 and Chon's embezzlement but answered their questions fully.  Pai and Yi provided no explanation. | The Bank is without information or knowledge sufficient to form a belief as to the truth of the allegation set forth in Paragraph 72, and accordingly, it is denied, except the Bank admits that Ryu was asked about certain retail ventures in which he previously was involved. | Motion to Strike: Improper denial based on a lack of knowledge

Rule 11:  improper claim of lack of knowledge or information

The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | In these paragraphs, Ryu is attempting to script a conversation that, to the Bank's knowledge was not recorded nor transcribed.  The Bank does not accept Ryu's verbatim transcription of this conversation that occurred over six years ago, and does not admit the allegation.  Ryu is improperly trying use what should be a "short and plain" statement as a way of playing "gotcha" litigation and attempting to elicit statements favorable to him. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 73 | Ryu answered all their questions **for several hours** and volunteered to make himself available to answer any additional questions, but the Bank never requested another meeting or asked other questions of him prior to filing the Embezzlement Action against him. | Admitted only that Ryu made certain statements during an interview with Bank representatives. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 73, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge<br><br>Rule 11:  improper claim of lack of knowledge or information<br><br>The Bank cannot in good faith claim to lack information or knowledge as to this conversation to which the Bank's counsel was a party. | In these paragraphs, Ryu is attempting to script a conversation that, to the Bank's knowledge was not recorded nor transcribed. The facts alleged in this paragraph do not appear in Ms. Pai's account of that meeting, provided at the August 18, 2017 Deposition of Lisa Pai at 434:17-447:18. The Bank does not accept Ryu's verbatim transcription of this conversation that occurred over six years ago, and does not admit the allegation.  Ryu is improperly trying use what should be a "short and plain" statement as a way of playing  "gotcha" litigation and attempting to elicit statements favorable to him.  Nor does the Bank accept the allegation that he was subject to interrogation for "several hours" or the abusive implications that that statement implies. |
| 74 | Chon met with Pai at a hotel in Fort Lee, New Jersey, on February 14, 2014. The meeting lasted less than an hour. Pai wanted to meet with Chon longer, but the meeting was cut short because Chon claimed that she had babysitting problems and could not stay. The Bank's outside counsel Michael M. Yi was supposed to attend the meeting as well, but Chon arrived early and left before Yi arrived. | Admitted only that Chon met with Pai at a hotel in Fort Lee, New Jersey on or about February 14, 2014. The remainder of the allegations in Paragraph 74 of the Complaint are denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this paragraph. Pai Dep. 246:9-250:15, 300:3-18. | The thrust of Paragraph 74 was admitted. The paragraphs gives an incomplete and misleading account of the meeting by omitting that the Bank's outside counsel was late for the meeting. *See*  August 18, 2017 Deposition of Lisa Pai at 246:9-17. Accordingly, the Bank does not adopt the characterization set forth in this paragraph. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 75 | At the meeting, Chon told Pai that she stole approximately $1.2 million, used approximately $500,000 to pay her husband's business debts and gave the remaining approximately $700,000 in cash to Ryu with no way to trace it and no proof that she had given any of it to him. She told Pai that she had begun embezzling without Ryu's knowledge and that she thought she was merely borrowing temporarily from the accounts of her husband's business partners and her husband's sister, and that she had taken somewhere in the range of $100,000 to $200,000 when Ryu caught her. Chon did not say and Pai did not ask how Ryu supposedly caught her. Pai claimed that she credited as "plausible" Chon's claim that she thought she was just borrowing money and intended to give it back, even though Pai knew that Chon had been suspected of embezzlement on a prior occasion and had denied it even after being caught with $4,000 in cash in her purse. This version by Chon of how she began the Embezzlement directly contradicted what she had previously told Bank employees (i.e., that she started stealing when Ryu asked for a $10,000 "loan"). | Admitted only that Chon admitted to embezzling money from the Bank on behalf of her husband and Ryu. The remainder of the allegations in Paragraph 75 are denied. | Rule 11:  The Bank should have admitted at least the first four sentences of this paragraph. First sentence is supported by Pai Dep. 336:23-337:23, 571:20-24, 582:23-583:12; B. Lee Dep. at 22:13-18, 24:3-25:16. Second through fourth sentences are supported by Pai Dep. 24:6-15, 90:19-95:11; 197:25-198:5; 530:10-24, 554:3-24, 556:3-560:11. Ryu-12, Ryu-13, Ryu-14. | With respect to the first sentence, the cited portions of deposition testimony do not support Plaintiff's objections. The cited testimony from Bo Young Lee is from a different meeting with Karen Chon, that took place on January 23, 2014. Lisa Pai was not present at that meeting. *See* October 13, 2016 Deposition of Bo Young Lee at  ("Q. And who was present at that meeting? A. Irene and Alicia Lee from LA. Q. Anyone else? A. No. That was it. Q. So it was Irene, Alicia, Karen and you. A. Yes."). These citations do not support the allegation that "Chon told Pai" that she gave "cash to Ryu with no way to trace it and no proof that she had given any of it to him." Likewise, the characterizations in sentence No. 2 do not match up with Pai's testimony. Pai disagreed with the assertion that Chon used the term "embezzlement" at all during that confession. See July 13 2017 Deposition of Lisa Pai at 530:10-24. With respect to question number three, Lisa Pai did not testify one way or the other about whether she asked Karen Chon how Ryu caught her. *See Id.* at 197:21-198:5. Plaintiff's counsel did not ask Lisa Pai that question. *Id.* Thus, the cited testimony does not support the allegation that "Pai did not ask how Ryu supposedly caught her."  With respect to sentence No. 4, Pai actually testified that, in her opinion, it was "too strong" to say that Chon was "suspected of embezzlement." *See Id.* at 94:7-21. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 76 | Pai asked Chon about unexplained transactions in Chon's accounts at the Bank, during the same time as the embezzlement, in the following amounts: $100,500; $100,000; $70,000; $60,000; $50,000; $30,000; and $27,000. Chon told Pai that these transactions were related to a "gae" or "kye," a type of rotating credit association used in Korean communities and through which, according to Pai, "a lot of people get defrauded." **Pai testified that she believed Chon that all of these large transactions were related to a gae and were unrelated to the embezzlement, without any need to investigate further.** Chon also told Pai that she had lied to her husband about the source of funds used to pay his business debts, and claimed that it came from a gae/kye. | Admitted only that Pai asked Chon about certain transactions, Chon made certain statements about contributing to a "gae." To the extent that these allegations reference testimony of Lisa Pai, the deposition transcript of such testimony speaks for itself. The Bank is without information or knowledge sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 76, and accordingly, they are denied. | Motion to Strike: Improper reference to documents;  Improper denial based on a lack of knowledge<br><br>Rule 11:  The Bank should have admitted this paragraph. The transactions in the first sentence are listed in Pai's notes for the meeting. See Ryu-14. See also Ryu-13 (WB815-16). The statements are all supported by Pai Dep. 262:15-269:12, 276:7-15, 272:13-275:9, 276:7-20, 324:19-325:8. | Paragraph 76 was properly admitted in part, and denied in part. This allegation purports to characterize Ms. Pai's testimony about what she believed and, in the next clause states "without any need to investigate further."  The Bank rejects that characterization and, therefore, a partial admission was appropriate.  This is a good example of how Ryu attempts to embed argument and misleading statements among purported characterizations of fact in an attempt to obtain an admission that shades the facts in his favor. Plaintiff has knitted facts from different contexts to create a single "allegation," and then demands that the "allegation" be admitted or denied in its entirety. Here, Ryu is characterizing, without quoting, a deposition transcript of Lisa Pai. The Bank does not accept Ryu's characterization of that testimony and accordingly denies it. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 78 | The Bank recognized that there were inconsistencies, but purportedly decided to credit Chon's story nonetheless, because, according to Pai's testimony, she decided that the inconsistencies were the product of Chon's nervousness about going to prison after she had just recently given birth. Pai even said that she believed Chon's claim that she had been authorized by one accountholder to take money out of her account without even needing to check with the accountholder. | Denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this paragraph. Pai Dep. 200:2-16, 204:10-14, 531:5-533:24. | Paragraph 78 misstates Lisa Pai's testimony, which was, "So I do remember that there were some inconsistencies initially on Karen's accounts and I believed that it had to do with her attempt to try to get -- raise money quickly, so that she can get the bank to not pursue criminal charges, because I was told that she was extremely afraid of having to go to jail. She had a three-month old baby at the time and a young child also and that, you know -- so I believe that she was very confused and that's why she was -- had some inconsistencies because initially she believed that James might be able to help her financially." |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 79 | The Bank decided not to conduct formal interviews of the employees who had spoken to Chon on January 22 and 23. Pai spoke to these employees alone but made no notes of what they said. The Bank also decided not to conduct any interviews of the employees who had worked in the branch with Chon, Chon's husband, or any of the people with whom Chon had entered into large dollar transactions. | Denied. | Rule 11: The Bank should have admitted this paragraph. The Bank produced no evidence of formal interviews with these witness and no notes of Chon's meetings with them. See also Pai Dep. 405:23-406:11 The third sentence is supported by Pai Dep. 163:3-164:6, 276:7-20, 257:14-261:8, 289:7-17, 405:23-406:11, 551:8-553:15, 566:4-568:2. | Paragraph 79 was properly denied. The Bank is not required to accept Plaintiff's assertion that there is a type of interview referred to as a "formal interview." The Bank is not required to admit that interviews taken with employees do not qualify as "formal interviews." This term is an invention of Plaintiff. Furthermore, as reflected in the December 15, 2017 deposition of Lisa Pai at 566:21-567:7, the Bank elected to leave some interviews to be conducted by outside legal counsel, and outside legal counsel *did* notice the depositions of witnesses listed in Paragraph 79. If any type of interview qualifies for the term "formal interview," a deposition should qualify for that term. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 80 | The Bank decided that it did not need to interview any of these witnesses, because the FBI was conducting an investigation, and the Bank wanted to defer to the FBI, even though the Bank thereafter never communicated with the FBI about the progress of the FBI's investigation and/or findings. | Denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this paragraph. See Pai Dep. 204:22-207:9. | Paragraph 80 was properly denied. The Bank is not required to accept Plaintiff's assertion that there is a type of interview referred to as a "formal interview." The Bank is not required to admit that interviews taken with employees do not qualify as "formal interviews." This term is an invention of Plaintiff. Furthermore, as reflected in the December 15, 2017 deposition of Lisa Pai at 566:21-567:7, the Bank elected to leave some interviews to be conducted by outside legal counsel, and outside legal counsel *did* notice the depositions of witnesses listed in Paragraph 79. If any type of interview qualifies for the term "formal interview," a deposition should qualify for that term. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 81 | Pai was aware of Chon's prior embezzlement from Liberty Bank and considered it when deciding whether to ostensibly credit Chon over Ryu, but later testified that the prior embezzlement was a small amount compared to Chon's BankAsiana embezzlement and therefore Chon must have needed "help" to embezzle an amount of the magnitude stolen from BankAsiana. This contradicts the version of Chon's story that Pai claims she accepted, i.e., that Chon started, conceived, and carried out the embezzlement scheme on her own, and that Ryu then caught Chon and forced her to steal more, not that she at any point needed his "help" to steal the money. | Denied. | Rule 11:  there is some evidence for denying discrete aspects or details of the allegation but no support for denying it in its entirety.<br><br>The Bank should at least have admitted the first sentence. See Pai Dep. 24:3-22, 90:19- 95:11, 153:24-158:25. It also should have admitted that Pai testified that she believed all of what Chon told her on February 14, 2014, and still believed it all as of August 2017. L. Pai Dep. 298:-23-299:5, 307:7-13. | This allegation was properly denied in its entirety. Chon was never found guilty of, or even formally charged with, embezzling from Liberty Bank. Lisa Pai testified that it was "too strong" to say that Chon was "suspected of embezzlement." See Id.at 94:7-21. The evidence of embezzlement was evidently not even strong enough to terminate Chon's employment from Liberty Bank. *See* August 18, 2017 Deposition of Lisa Pai at 417:8-18. It is simply not a fact of this case that Chon committed embezzlement while employed at Liberty Bank. Thus the premise of this entire paragraph--that "Pai was aware of Chon's prior embezzlement" is false, and the paragraph was properly denied in its entirety. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 83 | Following Chon's admission of the embezzlement on January 22, 2019, the Bank began an internal investigation that was reported internally in two separate memoranda, one dated February 25, 2014, and the other dated March 28, 2014 (shortly after the Bank had already sued Ryu). Pai specifically tasked the investigation with trying to find a link between Ryu and the embezzlement. | Admitted only that the Bank reported certain of its findings in two memoranda, dated February 25, 2014 and March 28, 2014. The remainder of the allegations set forth in Paragraph 83 of the Complaint are denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.  The first sentence is obviously true, including based on the two memoranda (Ryu-12, Ryu-13) referenced by the Bank. The second sentence is based on Ryu-26A and Pai Dep. 409:18-410:21. The Bank should have admitted this entire paragraph. | Paragraph 83 was properly denied because it missatates the testimony of Lisa Pai. Ms. Pai testified that the author of the February 25, 2014 and March 28, 2014 narratives were limited to investigating bank records and transactions. Those investigators were tasked determining whether or not there were any links with particular accounts, and, if so,  highlighting those "links." *See*  August 18, 2017 Deposition of Lisa Pai at 409:18-411:23 ("So basically that's what I was referring to from account to account, what kinds of links do you -- can you find, and if so, highlight them. That was the request."). |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 85 | These memoranda also reported that in 2006, Chon had worked for a predecessor of the Bank in New York City. They reported that "Karen left the Bank through maternity leave under a cloud of suspicion since she and/or her employees had several cash shortages, of which $10,000 was the largest." They also reported that bank employees in 2006 "searched her purse and found $4,000 in cash," but "[s]he was not terminated and arrested for the cash shortage due to lack of sufficient evidence." | Admitted only to the extent that the quoted text appears in the Bank's February 25, 2014 and March 28, 2014 memoranda. The remainder of the allegations set forth in Paragraph 85 of the Complaint are denied. | Rule 11: there is no evidentiary support for denying the allegation at all.<br><br>The paragraph accurately summarizes the memoranda and should have been admitted. | The Bank properly admitted that the quoted text appears in the subject memoranda. |
| 86 | These memoranda also reported several unexplained financial items that the Bank **apparently never fully investigated**, including that Chon had possibly used embezzled funds in 2012 and 2013 to pay off a $160,000 business loan that her husband had with BankAsiana, and that she was a principal of a Japanese restaurant in Brooklyn. | Denied. The Bank respectfully refers the Court to the Bank's February 25, 2014 and March 28, 2014 memoranda, which speak for themselves. | Motion to Strike: Improper reference to documents | This allegation does not identify the specific "several" purported unexplained financial "items." The Bank does not accept Ryu's argumentative statement that it "apparently never fulling investigated" those unnamed "items." Because of the vague and argumentative nature of this allegation, the Bank denied it. Because the contents of the narratives that the allegation purports to characterize are in Ryu's possession and known to all, this response appropriately references those narratives. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 87 | These memoranda also reported **more previous illegality by Chon**, i.e., that Chon had stolen money from the account of her husband's business partner, that her husband had signed checks on his business partner's account even though he was not a signer on that account, and that the total amount of checks possibly signed by Chon's husband on his business partner's account exceeded $250,000. The memorandum also reported that Chon had made unauthorized transactions and/or forged her husband's signature on hundreds of other transactions in her husband's business partner's account totaling over $450,000. | Denied. The Bank respectfully refers the Court to the Bank's February 25, 2014 and March 28, 2014 memoranda, which speak for themselves. | Motion to Strike: Improper reference to documents | In this paragraph, Ryu characterizes certain memoranda of the Bank as reporting "more" "previous illegality by Chon," and goes on to list that purported "illegality." The reports were narratives that recorded observations of the Bank's investigators. The Bank does not accept the premise of the allegation that it conveyed "previous illegality" or the premise that it contained "more" previous illegality by Chon. This is another example of Ryu attempting to elicit a favorable admission based on unfairly shaded facts. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 88 | In addition to knowing about these **fraudulent and dishonest transactions involving (or at least possibly involving) Chon's husband**, the Bank knew about at least another $1 million in transactions during the years 2010-2013 involving Chon and unknown people other Ryu that were reported in these memoranda, including:a.checks drawn on BankAsiana accounts or other banks for $27,000, $30,000, $50,000, $59,600, and $100,000 that were deposited into an account owned by Chon at JPMorgan Chase;b. a check for $100,500 Chon wrote on her JPMorgan Chase account to an unknown person who had an account at BankAsiana;c. "large dollar wire activity; large dollar check deposits; and large dollar checks" in an account held jointly by the same unknown person and an unknown entity, including a loan pay down for $40,000 that was posted by Chon for $40,000 and checks from Chon for $30,000, $200,000, $50,000, $160,000, and $160,000; andd. a check for $100,000 drawn on the BankAsiana account of the same unknown entity, was signed by Chon even though she was not a signer on that account, and deposited at JPMorgan Chase. | Denied. The Bank respectfully refers the Court to the Bank's February 25, 2014 and March 28, 2014 memoranda, which speak for themselves. | Motion to Strike: Improper reference to documents | The premise of this argumentative assertion that the Bank  was aware of some critical mass of "fraudulent and dishonest transactions."  Ryu would no doubt take that tenuous position if this case proceeded to trial, but the Bank does not accept the premise, which is stated outright in the first line of this allegation.  If the Bank were to admit any portion of this allegation, it would be admitting to Ryu's charged language that "In addition to knowing about these fraudulent and dishonest transactions involving (or at least possibly involving) Chon's husband."  The Bank does not accept that charged characterization and therefore properly denied this allegation. Furthermore, nothing in the Bank's February 25, 2014 and March 28, 2014 memoranda suggest that these transactions did not involve Ryu, and involved only "unknown people other [than] Ryu." Because the contents of the narratives that the allegation purports to characterize are in Ryu's possession and known to all, this response appropriately references those narratives. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 89 | These memoranda also reported that the activity reported in prior paragraph may be activity performed by a "gae" or "kye," and that "the Gae's involvement in this embezzlement cannot be ruled out." | Denied. The Bank respectfully refers the Court to the Bank's February 25, 2014 and March 28, 2014 memoranda, which speak for themselves. | Motion to Strike: Improper reference to documents | The Bank properly alluded to the document itself. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 90 | **The March 28, 2014 memorandum is nearly conclusive on Ryu's non-involvement in Chon's embezzlement.** While again reporting Chon's accusation of Ryu's involvement in the embezzlement, **the remainder of the memorandum does not point to a single other piece of evidence to support those accusations.** Indeed, the memorandum noticeably retreats from the suggestion in the earlier memorandum, based only on Chon's unsupported accusation, that Ryu might be involved. The February 25, 2014 memorandum was, at best, inconclusive regarding Ryu's involvement, stating: "In conclusion, the embezzlement was a well-conceived plan to defraud the Bank, regardless of whether James [Ryu] was involved." The second memorandum, dated approximately one week after the Embezzlement Action was filed, in contrast, states: "In conclusion, the embezzlement was a well-conceived plan to defraud the Bank performed by the Operations Officer [Chon.]" (Emphasis added). Thus, the reference to Ryu's potential involvement was removed, and the crime attributed to only the "Operations Officer[]", i.e., Chon. | Denied. The Bank respectfully refers the Court to the Bank's February 25, 2014 and March 28, 2014 memoranda, which speak for themselves. | Motion to Strike: Improper reference to documents | The Bank rejects the premise of this allegation, stated in its first line, that "[t]he March 28, 2014 memorandum is nearly conclusive on Ryu's non-involvement in Chon's embezzlement," which underlies the entire allegation.  The Bank further rejects the statement that "the remainder of the memorandum does not point to a single other piece of evidence to support those accusations." Furthermore, Ms. Pai testified that the narrative represented only one aspect of the investigation, and its authors were not tasked with making conclusions that would bind the investigation as a whole. See August 18, 2017 Deposition of Lisa Pai at 413:3-13 ("Q. At the last deposition, just so there's no confusion, I asked you what conclusions Orest reached about James's involvement, and you said it wasn't his job to reach any conclusions; correct? Do you remember that? A. Yes, I remember that. Q. So as a matter of fact, to the best of your knowledge, he didn't reach any conclusions about James's involvement; isn't that correct? A. Right. His job was to look for, you know, facts and trans -- highlight transactions that we should look into."). |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 91 | The remainder of the "conclusion" paragraph goes into great detail about the withdrawals "she" (Chon) made; Chon's methods: "She chose her customers carefully, mostly elderly, hoping they would not notice or were decreased ...."; and the losses to the bank. There is no mention of Ryu's involvement in Chon's embezzlement. | Denied. The Bank respectfully refers the Court to the Bank's February 25, 2014 and March 28, 2014 memoranda, which speak for themselves. | Motion to Strike: Improper reference to documents | The Bank rejects the premise of this allegation, stated in its first line, that "[t]he March 28, 2014 memorandum is nearly conclusive on Ryu's non-involvement in Chon's embezzlement," which underlies the entire allegation. Because the contents of the narratives that the allegation purports to characterize are in Ryu's possession and known to all, this response appropriately references those narratives. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 95 | Chon's husband had seven different bank accounts with BankAsiana during the years of Chon's embezzlement (2010-2013). The records for these accounts were available to the Bank at all times. They show that during these years approximately $2.3 million passed through these accounts. The Bank's auditors reported to the Bank that Chon controlled these accounts. Quite obviously, Chon could have laundered the embezzled $1.5 million through these accounts she controlled. The Bank did nothing to investigate this possibility, which suggests deliberate indifference to the true facts. | Admitted only that Chon's husband had bank accounts with BankAsiana. The remainder of the allegations in Paragraph 95 of the Complaint are denied. | Rule 11: there is some evidence for denying discrete aspects or details of the allegation but no support for denying it in its entirety.<br><br>The Bank should at least have admitted the first three sentences, because it produced records for these seven bank accounts that Chon's husband had with BankAsiana showing that during 2010-13 approximately $2.3 million passed through these accounts (both total deposits and disbursements in excess of this figure). (WB12745, WB12753, WB12761, WB12948-13679). | The bank properly admitted that Chon's husband had accounts with BankAsiana, and denied the balance of paragraph 95. The narratives prepared by Bank auditors--and to which Paragraph 95 refers--do not contain the allegations in this paragraph. The narrative reports that "we believe that Karen controlled all the above accounts even though she was not a signer on any of them. We believe 239 financial transactions totaling $452,569.94 were forged by Karen and another 241 financial transactions totaling $255,113.77 were either signed by her husband (Tae) who is not an authorized signer on the account or were signed by Karen who forged her husband's signature." Beginning with the words 'Quite obviously' and continuing through the end of this paragraph, Ryu makes argumentative, speculative, and incorrect averments, which the bank rejects. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 96 | In addition, the Bank failed to investigate numerous other transactions and unexplained financial items described in paragraphs 86-88 above. The transactions in paragraph 88 alone add up to over $1 million. | Denied. | Rule 11:  there is some evidence for denying discrete aspects or details of the allegation but no support for denying it in its entirety.<br><br>At the very least, the Bank should have admitted that it did nothing to investigate the transactions identified in paragraph 88. Pai admitted this at her deposition. Ryu-14, Pai Dep. at 276:18-20. | The allegation that the bank "failed to investigate" the referenced conduct is argumentative and false. The term "failed" falsely implies that the Bank took no action in the face of a duty to act. Furthermore, the evidence cited by Plaintiff does not support Plaintiff's objection. At her deposition Lisa Pai was asked if she investigated Chon's statements concerning her participation in certain "gae," and replied "[n]o I didn't." *See* August 18, 2017 Deposition of Lisa Pai at 275:3-276:20. To be more precise, Plaintiff's counsel asked "[d]id *you* do anything to investigate that *beyond asking her*?" *Id.* (emphasis added). This is materially different from the allegation in Paragraph 96 that the Bank "failed to investigate [the] transactions[.]" Obviously, these transactions were the subject of Bank investigation. Indeed, they were *discovered* through the Bank's investigation of Chon's accounts. Furthermore, Lisa Pai's interview of Chon, and questioning about those transactions was also part of the Bank's investigation--as acknowledged by Plaintiff's counsel's own question. Thus, Paragraph 96 was properly denied in its entirety. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 98 | The Bank deliberately chose not to interview Chon's husband or his business partner because Chon had told Pai, at the brief meeting between Chon and Pai, that "her husband didn't know about it, and she didn't want me to -- she was very afraid of her husband finding out." Incredibly, the Bank acquiesced in Chon's suggestion that it not interview her husband. | Denied. To the extent that these allegations reference Pai's testimony, the deposition transcript of such testimony speaks for itself. | Motion to Strike: Improper reference to documents | Paragraph 98 was properly denied because it is false. As reflected in the December 15, 2017 deposition of Lisa Pai at 566:21-567:7, the Bank elected to have its outside legal counsel reach out to Ms. Chon's husband. Thus, the statement that "[t]he Bank deliberately chose not to interview Chon's husband or his business partner" is false. |
| 99 | Pai admitted that the Bank took no steps to talk to Chon's husband or his business partner before filing the lawsuit against Ryu **based on its ostensible acceptance of Chon's incredible story that she gave most of the money to Ryu, even though Chon admitted she could not prove it**. | Denied. To the extent that these allegations reference Pai's testimony, the deposition transcript of such testimony speaks for itself. | Motion to Strike: Improper reference to documents | The Bank rejects this characterization of Lisa Pai's testimony, insofar as it suggests that the Bank relied only on Chon's statements.  It does not have knowledge as to what was "ostensible" to Ryu, as asserted in this allegation.  It does not accept Ryu's characterization of Chon's statements as an "incredible story." |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 101 | Instead, the Bank filed the Original Complaint without awaiting its own March 28, 2014 internal investigation report, which again, and even more strongly, concluded that Chon alone conceived and executed her plan to embezzle from the Bank and that Ryu was not involved. The only conclusion that can be drawn from this timing is that the Bank, at best, was deliberately indifferent to the actual facts as to whether Ryu was involved in the embezzlement and, at worst, filed its Original Complaint prior to conducting a thorough investigation because it knew that further investigation would only more strongly exonerate Ryu, and the Bank had reasons independent of Ryu's guilt or innocence for wanting to sue Ryu. | Denied. | Rule 11:  there is some evidence for denying discrete aspects or details of the allegation but no support for denying it in its entirety.<br><br>The Bank should have at least admitted that it filed the action without waiting for the investigative report dated March 28, 2014. | Paragraph 101 consists almost entirely of argument. In fact, Plaintiff's Rule 11 Notice only contends that the Bank should have admitted the timing of the filing of the Complaint. The Bank specifically denies that the March 28, 2014 narrative offered by Orest Hamersky was conclusive of any matter. The narrative represented only one aspect of the investigation, and its authors were not asked to arrive at conclusions that would bind the investigation as a whole. *See* August 18, 2017 Deposition of Lisa Pai at 413:3-13 ("Q. At the last deposition, just so there's no confusion, I asked you what conclusions Orest reached about James's involvement, and you said it wasn't his job to reach any conclusions; correct? Do you remember that? A. Yes, I remember that. Q. So as a matter of fact, to the best of your knowledge, he didn't reach any conclusions about James's involvement; isn't that correct? A. Right. His job was to look for, you know, facts and trans -- highlight transactions that we should look into."). Furthermore, Paragraph 101 falsely implies that the facts underlying the March 28, 2014 narrative were not known to the Bank prior to their memorialization in the March 28, 2014 narrative. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 102 | The Bank asserted thirteen counts against Ryu concerning the embezzlement and ten counts related to the computers; thirteen counts against Chon concerning the embezzlement; one count each against Chon's husband and his businesses concerning the embezzlement; and seven counts against Hur concerning the embezzlement and eleven counts concerning his alleged taking of a computer and Hur's work with New Millennium Bank allegedly while he was still advisor to the Bank after the Merger. | Denied. The Bank respectfully refers the Court to the Complaint in the Embezzlement Action, which speaks for itself. | Motion to Strike: Improper reference to documents | The pleading is a publicly-filed document whose authenticity is not disputed, and it speaks for itself. |
| 104 | The material allegations regarding the embezzlement and Ryu's alleged role in the Amended Complaint were the same as the Original Complaint. The Bank also consolidated many of the claims against Ryu and dropped several counts. | Denied. The Bank respectfully refers the Court to the Amended Complaint in the Embezzlement Action, which speaks for itself. | Motion to Strike: Improper reference to documents | The pleading is a publicly-filed document whose authenticity is not disputed, and it speaks for itself. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 107 | Pai testified as the Bank's corporate representative, and when questioned about this interrogatory response, **she confirmed that the Bank had no other direct evidence supporting Chon's claim that Ryu was involved in the embezzlement other than Chon's accusation**. This also included the Bank's review of the computers Ryu had returned to the Bank; the Bank found no evidence on them implicating Ryu. | Admitted only that Pai testified as the Bank's corporate representative. To the extent that these allegations reference testimony of Lisa Pai, the deposition transcript of such testimony speaks for itself. The remainder of the allegations in Paragraph 107 of the Complaint are denied. | Motion to Strike: Improper reference to documents | The Bank does not accept the notion that Lisa Pai "confirmed" that the Bank's considerations in filing the Embezzlement Action was limited to Chon's statement.  This allegation also calls for a legal conclusion as to what "direct evidence" is.  This is a good example of how Ryu has inserted argumentative statements in the guise of factual allegations to try and elicit an admission to his argument and, improperly, to confirm a legal conclusion which has no place in a Complaint under rule 8(a), and does not even require an answer. |
| 115 | Chon testified that she first started stealing from accounts of people she knew well: her husband's sister and her husband's business associate. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it adds content to Chon's testimony that is not found in the transcript of her deposition. Chon did not testify that she "first started stealing from accounts of people she knew well…" |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 116 | Chon testified that she began her embezzlement without the knowledge of Ryu. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because Chon did not testify that "she began her embezzlement without the knowledge of Ryu." Chon testified, "I -- the accounts that I told you about before, my sister-in-law, I took the money out of that account. And you are not supposed to; that account. He [*i.e.,* Ryu] knew that I did such a thing, he was aware." |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 117 | Chon testified that Ryu approached her after a monthly meeting at BankAsiana's Palisades Park branch and said that he had discovered her embezzlement activities (although she did not say how he had supposedly discovered it), and he asked her to lend him $30,000. (This contradicted what Chon told the Bank on January 23, 2014.) | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it misstates the testimony of Karen Chon. Karen Chon did not testify that "Ryu approached her after a monthly meeting…" Instead, she testified that "[i]t's not that we took the time to meet. Every month we have a meeting. Not only that. I mean, I -- sometimes I have to bring things to Palisades Park so I visit often." See June 23, 2016 Deposition of Karen Chon at  32:20-36:23. Furthermore, the account of their conversation is also misleading. Chon testified that Ryu did not use the term "borrow", but she interpreted Ryu's request that way. *See id.*  Likewise, the parenthetical "(although she did not say how he had supposedly discovered it)" implies that Karen Chon withheld information, but nothing in the transcript suggests that she knew this information, or, if she knew it, withheld this information. Likewise, the final parenthetical is pure argument. In sum, Paragraph 117 is inaccurate and argumentative, and the Bank's denial of this paragraph was proper. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 118 | When asked by the Bank's counsel how Ryu allegedly discovered her embezzlement, Chon testified that "he probably found out because other people knew about it." Despite this statement that multiple people—not just Ryu—knew about her embezzlement, the Bank's counsel asked not one follow up question in response, such as who these people were, and how they discovered her embezzlement. No lawyer could be so lacking in curiosity. The Bank's counsel did not ask because he feared learning facts that would disprove the Bank's claims against Ryu. This episode exemplifies the Bank's "see no evil" approach towards Chon throughout the entire Embezzlement Action. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it is an argumentative characterization of the Bank's counsel's motivations. Furthermore, the allegations in this paragraph are false and contradictory. For example, Plaintiff's assertion that "No lawyer could be so lacking in curiosity[,]" is not only argumentative, it is also contradicted by the fact that Plaintiff's counsel was *also present* at the deposition, and also examined the witness and did not examine Ms. Chon on that response. |
| 119 | Chon said she thought about his request for $30,000 for a couple of days and then decided to give him that amount. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it incompletely characterizes Chon's testimony. |
| 120 | Chon testified that after the first $30,000, Ryu asked for loans on ten occasions between 2010 and 2013, and she gave him a total of $700,000 to $800,000 in cash on those ten occasions. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it incompletely characterizes Chon's testimony. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 121 | Chon testified that she either delivered the cash to him (all in $100 bills) in an envelope at Ryu's office at the Palisades Park headquarters or he picked up the cash at the Fort Lee branch where she worked. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it incompletely characterizes Chon's testimony. |
| 122 | Chon testified that she thought she was just loaning the money to Ryu, and that he would give it back to her so she could put it back. She said she raised this with him, but he never gave her any of the money back. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it incompletely characterizes Chon's testimony. |
| 123 | She testified that Ryu said he would compensate her for loaning him a large sum of money that she had stolen, which she interpreted to mean that perhaps he would help her to get promoted at BankAsiana. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it incompletely characterizes Chon's testimony. This paragraph creates the impression that Chon made payments to Ryu out of a desire to obtain a benefit, when her testimony states that she did it out of a fear that Ryu would report her. |
| 124 | Chon admitted that there are no records or witnesses to corroborate her claim that she gave Ryu $700,000; rather, she testified that she kept track of how much she gave Ryu in her head. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it incompletely characterizes Chon's testimony. |
| 125 | Chon testified that she kept $200,000 to $300,000, and used it to pay her personal debts, her husband's business debts, and her family's living expenses, but also testified that she kept $500,000. | Denied. The transcript of the deposition testimony of Chon speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it incompletely characterizes Chon's testimony. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 131 | The Assistant United States Attorney at the hearing responded that Chon had never told the FBI or United States Attorney's Office that Ryu pressured her to embezzle. He never heard her make that claim until her sentencing and he confirmed that she had lied to both the Bank and the FBI. | Denied. The transcript of the sentencing hearing speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it is false. For example, the Assistant United States Attorney responded that, "in her statements to the government, Ms. Chon has not stated that she was *forced*." *See* October 25, 2016 Sentencing Hearing in Criminal No. 15-CR-077 at 16:14-15 (emphasis added). Paragraph 131 replaces the term "forced" with the term "pressured." But these terms are materially different. The second sentence of paragraph 131 contains the same misleading replacement. The actual transcript states, "sentencing today is the first time that she said to the government that she was *forced*." *Id.* at 15:11-17. This is a prime example of how Plaintiff has mischaracterized testimony in the Complaint in order to obtain a favorable--though improper and materially false--admission from the Bank. |
| 133 | At a corporate designee deposition on August 18, 2017, Pai read the memos summarizing the FBI interviews of Chon on February 7 and 11, 2014, and testified that she was not previously aware of these memos, even though the Bank had copies of the memos since December 2016. | Denied. The transcript of Pai's deposition speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it is false. At her August 18, 2017 deposition, Lisa Pai testified that "this was something that I saw for the first time *at my first deposition*." *Id.* at 311:9-10 (emphasis added). She did ***not*** testify that she was "not previously aware" of the memo. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 134 | Specifically, Pai testified that she was not aware Chon told the FBI on February 7, 2014, that: she had acted alone in the embezzlement without the assistance of Ryu; she had lied to the Bank auditors about Ryu's involvement in the embezzlement; she lied because the bank auditors suggested to her that Ryu was involved; and Ryu did not threaten her. | Denied. The transcript of Pai's deposition speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it is false. The testimony paraphrased in this paragraph does not appear in the August 18, 2017 deposition of Lisa Pai. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 135 | Pai agreed that Chon had clearly lied to the FBI with respect to the statements she made on February 7, but immediately claimed that Chon must have done so at the instruction of Ryu. Pai testified that she believes that Chon "was instructed by James to tell the F.B.I. that she -- to basically retract what she had told the bank about his involvement.. . ." Pai had no evidence to support this statement, but instead made it up to further the Bank's strategy of studiously avoiding facts that disproved its claims against Ryu. | Denied. The transcript of Pai's deposition speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it mischaracterizes Ms. Pai's testimony. Plaintiff's counsel asked, "She clearly lied to the F.B.I. on February the 7th of 2014, in your view, when she told them that James Ryu had nothing to do with this; isn't that correct?" And Ms. Pai responded, "I think I understand why she said what she said at her meeting with the F.B.I. on February 7th, 2014." When pressed by Plaintiff's counsel, Ms. Pai testified, "I believe she was instructed by James to tell the F.B.I. that she -- to basically retract what she had told the bank about his involvement in order for him to consider helping her financially to repay the bank, at least a good portion of the money that was embezzled, so that the bank would not press charges against her and so that she would not have to go to jail. So I fully understand why she said what she said to the F.B.I. on February 7th." When pressed still further, Ms. Pai responded, "Yes, I believe she was told to lie and she complied with that." *See* August 18, 2017 Deposition of Lisa Pai at 307:25-310:23. Beginning with the words 'Pai had no evidence' and continuing through the end of this paragraph, Ryu makes argumentative, speculative, and incorrect averments, which the bank rejects. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 136 | At her deposition, Pai also reviewed for the first time another FBI memo from February 2014 that reported that Bank employee Irene Lee had concluded Chon was lying because of inconsistencies she perceived in Chon's story told on January 22 and 23, 2014, Pai testified that Lee had possibly provided this information to her in January or February 2014, but the information did not cause her to consider that the Bank's allegation against Ryu might be misplaced. | Denied. The transcript of Pai's deposition speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it is false. The testimony paraphrased in this paragraph does not appear in the August 18, 2017 deposition of Lisa Pai. During Ms. Pai's July 13, 2017 deposition, she was presented with a memorandum meeting the description in Paragraph 136, but Ms. Pai did not testify that "[t]he information did not cause her to consider that the Bank's allegation against Ryu might be misplaced." Instead, there was a lengthy discussion, on the record, about whether the FBI memorandum misrecorded the conversation with Irene Lee, and how other details were consistent with Chon's statements to Bank investigators. July 13, 2017 Deposition of Lisa Pai at 210:25-227:17. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 137 | Pai also reviewed the transcript of Chon's sentencing, and the statement of the Assistant United States Attorney assigned to the case, who told Federal District Judge Walls that prior to her sentencing Chon had previously contradicted herself on Ryu's alleged participation with her in the crime but had never before stated that Ryu "forced" her to commit the crime, and that she had lied to the FBI as well as to the Bank. Pai testified that this information did not cause her to disbelieve any part of what Chon had told her. Pai emphasized that she believed and still believes all of what Chon told her. | Denied. The transcript of Pai's deposition speaks for itself. | Motion to Strike: Improper reference to documents | This paragraph was properly denied because it mischaracterizes Pai's testimony.  Plaintiff's counsel asked "[a]nd that doesn't in any way shape your conclusion that Karen is telling you the entire truth when you met her on February the 14th of 2014?" To which Ms. Pai responded  "[n]o, because I think that's really inaccurate. She did tell me about the blackmail incident, and I don't know why her counsel would not have made that clear to her before." *See* August 18, 2017 Deposition of Lisa Pai at 466:16-468:18. Notably, this allegation meanders down a rabbit hole of hearsay, almost to the point of being incomprehensible.  It avers that, during her deposition (hearsay level 1), Ms. Pai reviewed Chon's sentencing transcript in which the prosecutor told Judge Walls (hearsay level 2) about what Chon had and had not previously said to the prosecutor (hearsay level 3). The most appropriate response was to refer to the fixed transcript of Ms. Pai. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 140 | During her deposition on March 14, Chon claimed that all should [sic] could recall was that Ryu "forced" her to embezzle and that she gave him some money. | Denied. The transcript of Chon's deposition speaks for itself. | Motion to Strike: Improper reference to documents | The Bank rejects this allegation.  This is a good example of one in which Ryu attempts to improperly shade the contents of a document - here the March 14, 2018 transcript of Miye (Karen) Chon's deposition. At that deposition, Chon maintained that Ryu was involved in the embezzlement, consistent with her June 23, 2016 deposition.  She testified that her June 23, 2016 deposition testimony was truthful and accurate, and maintained that Ryu "forced" her to embezzle funds from BankAsiana.  March 14, 2018 Deposition of Jaren Chon at 144:20-145:3; 151:5-9; 164:12-25; 169:8-16; 172:22-173:6.  It is not accurate to say that she "claimed that all should [sic] could recall was that Ryu 'forced' her to embezzle and that she gave him some money." |
| 141 | Other than that, Chon claimed that she could not recall anything about the embezzlement, including when Ryu allegedly forced her, how he forced her, their communications, how many times she allegedly gave him money, where she got the money from that she allegedly gave to him, or anything else related to the subject. | Denied. The transcript of Chon's deposition speaks for itself. | Motion to Strike: Improper reference to documents | This allegation incorporates the improper, argumentative, and incorrect assertions made in the prior paragraph. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 142 | Chon responded "I don't recall" 130 times during the less than two-hour deposition on March 14, including, but not limited to, on the following issues:<br>a. how she embezzled funds from BankAsiana or whether she ever stole money from BankAsiana;<br>b. the accountholders from which she embezzled money; c. making any statements to the FBI, including her statements to the FBI on February 4, 2014, provided in the FBI interview memo), and her statements to the FBI on February 11, 2014, provided in the FBI interview memo;<br>d. how much money she embezzled;<br>e. if she kept any of the money for herself that she embezzled, if she used any money to pay her husband's business debts, or where any of the money is today; and<br>f. that she pleaded guilty to the criminal charges related to her embezzlement. | Denied. The transcript of Chon's deposition speaks for itself. | Motion to Strike: Improper reference to documents | In an assertion more appropriately reserved for a closing argument, Ryu asserts that Chon uttered the words 'I don't recall' 130 times.  It is absurd that Ryu wishes the Bank to go back and count how many times the quoted words "I don't recall" appear in the March 14 deposition transcript [95 times]; however, suffice to say, the Bank disputes that that number is 130.  That assertion modifies every assertion that follows in the allegation of this paragraph.  This was properly denied. Chon also confirmed during her March 14 deposition that the statements she made during her prior deposition, which included many of the subjects mentioned in this paragraph, were true. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 143 | During her deposition on March 15, Chon responded "I don't recall" 186 times during the approximately two-hour deposition, including, but not limited to, on the following issues:<br>a. anything that she said at her deposition on June 23, 2016;<br>b. any of her financial information she provided in the net worth statement and monthly cash flow statement she submitted to federal probation office prior to her sentencing other than a life insurance policy she listed;<br>c. any of the deposits she made into her JPMorgan Chase Bank account during the embezzlement time-period; and<br>d. any of the withdrawals she made from her JPMorgan Chase Bank account during the embezzlement time-period other than payments made to the school where her daughter attended kindergarten. | Denied. The transcript of Chon's deposition speaks for itself. | Motion to Strike: Improper reference to documents | This is another example of argument that would be more appropriate for a closing argument rather than a "short and plain statement" of facts under Rule 8(a). The premise of this allegation asserts that the Chon responded "I don't recall" 186 times during her March 15, 2018 deposition.  It is absurd that the Bank would have to go back and do a word find to count the number of times these words appeared, but it did. And it rejects Plaintiff's allegation. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope* , N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 149 | Hope Bancorp tried to avoid paying Ryu's fees and expenses by seeking a stay of the September 27 Order, but the district court denied the motion for a stay pending appeal in large part, on January 22, 2019, and on January 30, 2019, the court of appeals denied Hope Bancorp's motion for a stay pending appeal. | Admitted only that Hope Bancorp contested litigation brought by Ryu to recover legal fees. The remainder of the allegations in Paragraph 149 of the Complaint are denied. | Rule 11:  there is no evidentiary support for denying the allegation at all.<br><br>The procedural history of the Advancement Action is as well known to the Bank as to Ryu, and it has all the orders and communications that show that this paragraph is true and accurate. The Bank should have admitted it. | Contrary to Plaintiff's objection, Paragraph 149 does not primarily set forth mere procedural history. Instead, it ascribes certain motivations to Hope Bancorp for seeking relief. Furthermore, Plaintiff characterizes the actual content of the court's orders, by stating that Judge Rakoff's January 22, 2019 order denied Bancorp's motion for a stay "in large part." The Bank properly admitted the procedural portion of Paragraph 149, and properly denied Plaintiff's attempts to characterize and shade that procedural history. |

Case 2:19-cv-18998-KM-JBC   Document 47-2   Filed 09/21/20   Page 60 of 61 PageID: 1822
*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)
Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 162 | Ryu's counsel told the Bank's counsel at a hearing on July 24, 2019, that Ryu was desperate for funds, with literally $99 left to his name, and thereby had decided to settle his counterclaim and also to not seek to enforce his right to a greater amount to which the parties had previously agreed. During a discussion in chambers on July 24, 2019, Ryu's counsel asked for the payment to be made sooner in a day or two, but the Bank refused. Ryu reluctantly agreed to ten days, and the Bank's counsel agreed to try and deliver the money in less than ten days. | Denied. | Rule 11:  there is some evidence for denying discrete aspects or details of the allegation but no support for denying it in its entirety.<br><br>The facts recited are based on the personal knowledge of counsel, who would be very surprised if the Bank's counsel had a different recollection of these events. It cannot possibly be the case that the Bank can in good faith completely deny this account of what happened. The Bank should have admitted it or at least specified the parts it admits and denies. | The allegations of Paragraph 162 were properly denied. This is another example of Plaintiff creating his own verbatim account of a conversation that took place over a year ago and--to the Bank's knowledge--was never recorded or transcribed. A portion of the conversation from July 24, 2019 was transcribed, and that transcript differs materially from Ryu's account. For example, the transcript shows that Ryu's counsel represented that his client had "literally $99 . . . in his bank account" in support of his request for speedy payment, *not* as a justification for settlement. *See* July 24, 2019 Hearing Transcript in 2014-CV-01770 at 7:24-8:6. |

*Suk Joon Ryu, a/k/a James S. Ryu v. Bank of Hope*, N.J.D. Civil Action No. 19-18998 (KM) (JBC)

Defendant's Responses to Plaintiff's Motion to Strike and Rule 11 Notice

| ¶ | Plaintiff's Allegation | Defendant's Answer | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| 164 | The Bank made the payment nine days late only when ordered to do so. Nine days may not seem like a lot of time, until one realizes this is nine days with no money for food and living expenses for Ryu, his spouse, and his two teenage children. It was frankly outrageous as well as horribly unkind that the Bank would play such a game with the basic needs of a family, and clearly evidences the Bank's longstanding and continuing desire to harm and punish Ryu. | Denied. | Rule 11: there is some evidence for denying discrete aspects or details of the allegation but no support for denying it in its entirety. | The bank denies that payment was "nine days late." The other allegations in Paragraph 164 are also properly denied because they are sheer argument. For example, the Bank has no obligation to admit that Ryu had "no money for food," or that its conduct was "frankly outrageous" and "horribly unkind." |
| 180 | **The allegations of the Embezzlement Action** were reported in **several publications** including USA Today, and the publications are **still available online**. | The Bank is without information or knowledge sufficient to form a belief as to the truth of allegations in Paragraph 180, and accordingly, they are denied. | Motion to Strike: Improper denial based on a lack of knowledge<br><br>Rule 11: there is no evidentiary support for denying the allegation at all.<br><br>The Bank should have admitted this allegation as unquestionably true. | Ryu vaguely alleges that allegations against him were reported in "several" "publications." Ryu identifies none of the publications to which he referred, except for one, nor did he say did not say how many he alleges there were. The Bank is therefore without specific knowledge to admit or deny his statement that "allegations of the Embezzlement Action were reported in several publication." Ryu also did not quote the publications that are the subject of this allegation and, without knowing the specific publications or their content, the Bank is without direct knowledge to admit or deny what those purported articles said about "[t]he allegations of the Embezzlement Action." Finally, the Bank had no independent knowledge at the time it answered as to whether none, some, or all of the articles in the unnamed publications were "still available online." |