UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUK JOON RYU, a/k/a JAMES S. RYU,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF HOPE,<br><br>    Defendant. | Civ. No. 19-18998 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    In a previous case, Bank of Hope alleged that former employee Suk Joon "James" Ryu embezzled from the Bank. That case was voluntarily dismissed, and the Bank settled a counterclaim by Ryu. In this case, Ryu alleges that the embezzlement action was a malicious use of process (Count 1) and that the Bank breached the settlement agreement by paying the settlement amount nine days late (Count 2). I granted summary judgment to the Bank on Count 1. *Ryu v. Bank of Hope*, Civ. No. 19-18998, 2021 WL 50255 (D.N.J. Jan. 6, 2021).

    Currently pending before the Court are three non-dispositive motions by Ryu: (1) to deem certain allegations of the Complaint admitted or, in the alternative, to strike certain portions of the Answer (DE 40),[1] (2) to overrule Magistrate Judge Clark's order staying discovery pending resolution of the motion for partial summary judgment (DE 42), and (3) for sanctions (DE 70). For the following reasons, Ryu's motions (DE 40, 42, 70) are **DENIED**.

**I. BACKGROUND**

    The facts are outlined more fully in my prior opinion. *Ryu*, 2021 WL 50255, at *1–2. In sum and as relevant here, Ryu worked for the Bank until

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Compl. = Complaint (DE 1)

internal investigations suggested his involvement in an embezzlement scheme. *Id.* at *1. The Bank sued Ryu (and others) in this Court to recover for the alleged embezzlement. *Id.* at *2. Ryu counterclaimed, alleging that, as part of the internal investigation, the Bank wrongfully seized $54,000 from his personal account. *Bank of Hope v. Chon*, Civ. No. 14-1770, 2019 WL 1123659, at *6 (D.N.J. Mar. 12, 2019). The Bank voluntarily dismissed its complaint and settled Ryu's counterclaim, although Ryu alleges that the Bank paid the settlement funds nine days later than it should have. (DE 35-24, 35-25; Compl. ¶ 21.)

Ryu brought a separate case (this one) alleging that the embezzlement action was a malicious use of process and that the Bank breached the settlement agreement by making the settlement payment nine days late. (Compl. ¶¶ 197–215.) The Bank moved for summary judgment on the claim of malicious use of process. (DE 33.) Judge Clark stayed further discovery pending disposition of the Bank's motion. (DE 38.) As the Bank saw it, the parties had already conducted extensive discovery in the embezzlement action; the only additional discovery needed would be on Ryu's allegations in Count 2 that the delayed payment caused him emotional distress. (DE 25.) Ryu appealed Judge Clark's order to me, arguing that he needed further discovery on the elements of Count 1. (DE 42-1 at 3.)

After the Bank moved for partial summary judgment, Ryu moved to deem certain allegations of the Complaint admitted or, in the alternative, to strike certain parts of the Answer. (DE 40.) He argues that the Bank's Answer denied certain allegations in the Complaint when, as shown by the summary judgment motion, the Bank had facts within its possession that could have provided responses. (*Id.* at 2–3.) Along the same lines, Ryu moved for sanctions, arguing that the Bank denied allegations without a reasonable basis for doing so. (DE 71 at 1–5.)

Thereafter, I granted the Bank's motion for summary judgment on Count 1. *Ryu*, 2021 WL 50255, at *1. I now deal with the remaining motions.

## II. DISCUSSION

### A. Motion to Overrule the Stay of Discovery

Ryu has moved to overrule Magistrate Clark's stay of discovery. (DE 42.)[2] That order is affirmed.

"Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) (citation omitted). Accordingly, I review Magistrate Clark's factual findings for clear error, legal conclusions de novo, and discretionary decisions for abuse of discretion. *United States v. Nobel Learning Cmtys.*, 329 F.R.D. 524, 527 (D.N.J. 2018). I do not lightly disturb a Magistrate Judge's management of discovery. *See Coyle v. Hornell Brewing Co.*, Civ. No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009).

I can discern no abuse of discretion on Magistrate Clark's part. Two key reasons support the order. First, this was a "case about a case," so the parties had already conducted discovery and amassed a record in the prior litigation. The Bank represented that it had sufficient facts to decide the case early on summary judgment. Accordingly, I granted the Bank leave to move for summary judgment but made clear to Ryu that he could argue, in opposition, that more facts were needed. (DE 24 at 3.) Magistrate Clark took account of this unique procedural posture. (*See* DE 41 at 25:18–26:5.) Thus, it was appropriate to take a wait-and-see approach to further discovery.

Second, Ryu did not demonstrate any reasonable probability that further discovery should be required in advance of the Bank's summary judgment motion. As Magistrate Clark explained, Ryu's malicious prosecution claim had five elements, and failure to prove any one would warrant summary judgment in the Bank's favor. (*Id.* at 9:24–10:10.) Ryu's arguments for more discovery

---

[2]   The motion is in some sense moot, because (1) discovery was stayed pending resolution of the summary judgment motion, which has now been granted; and (2) Ryu only seeks discovery relevant to Count 1, which has been ruled on. I nevertheless consider the merits of Judge Clark's order, and in particular whether it prematurely cut off discovery. *See* p.4 & n.3, *infra*.

3

largely, indeed "almost exclusively," related to the single element of malice. (*Id.* at 25:18–20.) The element of malice was not implicated by the Bank's motion for summary judgment.[3]

In addition, Ryu conceded that he had received "98 percent" of the documents necessary for his case, but could not adequately describe the 2% of documents that were missing, or why they would be important. (*Id.* at 20:20–22, 23:7–13.) Magistrate Clark reasonably concluded that, after years of litigation between the parties, there was not "any reasonable possibility that there's going to be bombshell documents that are going to change the record as it was developed in the case below," *i.e.*, the prior embezzlement action. (*Id.* at 25:21–23.)

For those reasons, the motion to overrule Magistrate Clark's stay of discovery pending the outcome of the Bank's summary judgment motion is denied.

---

[3]   A malicious prosecution claim has five elements: that (1) a civil action instituted by this defendant against this plaintiff, (2) motivated by malice, (3) with an absence of reasonable cause, (4) terminated favorably to the plaintiff, and (5) caused a special grievance to the plaintiff. *LoBiondo v. Schwartz*, 970 A.2d 1007, 1022–23 (N.J. 2009). The Bank's motion for partial summary judgment on Count 1 addressed elements 3, 4, and 5; it did not involve the element of malice at all.

I gave the parties the opportunity to brief the question of which issues were ripe for summary judgment without further discovery. In my summary judgment opinion, I specifically considered "not only whether the summary judgment standard is met, but whether the motion is premature: *i.e.*, whether in fairness, Ryu, the nonmovant, should be afforded an additional opportunity to obtain in discovery 'facts essential to justify its opposition.' *See* Fed. R. Civ. P. 56(d). I f[ou]nd that element 3, lack of reasonable cause, [was] now ripe for decision on summary judgment. I agree[d] with Ryu, however, that further discovery would likely be required to poise elements 4 and 5 (favorable termination and special grievance) for decision." (Opinion, DE 86 at pp. 6–9) My Opinion granting summary judgment on Count 1 (malicious prosecution) was based solely on element 3, lack of reasonable cause to institute the prior embezzlement action. That issue depended primarily on identifying the facts that the Bank had in its possession at the time. (*Id.* at pp. 9–13)

### B. Motion to Admit or Strike

Ryu moves that certain allegations in his Complaint be deemed admitted because the Bank did not adequately deny them. (DE 40.) Alternatively, he moves to strike denials, affirmative defenses, counterclaims, and prayers for relief in the Bank's Answer. (*Id.*)

Federal Rule of Civil Procedure 8 requires a defendant to "admit or deny the allegations asserted against it by an opposing party." Fed R. Civ. P. 8(b)(1)(B). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). If an allegation is not denied, it is deemed admitted. Fed. R. Civ. P. 8(b)(6). Relatedly, under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[M]otions to strike under Rule 12(f) are disfavored and should generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or confuse the issues." *J.M. v. Summit City Bd. of Educ.*, Civ. No. 19-00159, 2020 WL 6281719, at *6 (D.N.J. Oct. 27, 2020) (alterations, quotation marks, and citation omitted).

I deny Ryu's motion here for two reasons.

First, none of the denials, affirmative defenses, counterclaims, or prayers for relief which Ryu moves to strike run afoul of the Rule 12(f) standard.

As to the motion to strike denials of allegations, the grant of summary judgment rendered that request moot. *See Lomma v. Ohio Nat'l Life Assur. Corp.*, No. 3:16-CV-2396, 2021 WL 772237, at *3 (M.D. Pa. Feb. 26, 2021) (summary judgment renders motion to strike answer moot). None of the facts Ryu attacks form the basis of his breach of contract claim, which is the only claim remaining. (*Compare* DE 40-5 ¶ 1 (proposed order), *with* Compl., *and* Answer.)

The Answer asserts affirmative defenses that the Complaint is frivolous and that jurisdiction is lacking, which Ryu also seeks to strike. (DE 40-5 ¶ 2.) "A court should not grant a motion to strike a defense unless the insufficiency

5

of the defense is clearly apparent." *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (quotation marks and citation omitted). The defenses are general and would require factual development, so it is not clearly apparent that they are insufficient on their face.

Ryu also seeks to strike the Bank's counterclaim seeking a declaratory judgment that the Bank was not in breach of the settlement agreement. (DE 40-5 ¶ 3.) That counterclaim is not, as Ryu argues, simply a redundant mirror-image of Ryu's own claim of breach of the settlement agreement in Count 2. The counterclaim relies on different facts not pleaded in the Complaint.

As to the motion to strike the Bank's prayer for attorney's fees (DE 40-5 ¶ 4), there is no legitimate objection to the Bank's preservation of its prayer for this relief in its pleading. *E.g.*, *Deery v. Crystal Instruments Corp.*, Civ. No. 13-198, 2013 WL 4517867, at *2 (D.N.J. Aug. 26, 2013). Whether the Bank can establish such an entitlement is, of course, a different question.

Second, Ryu has not shown how retaining these portions of the Answer would cause him prejudice or confuse the issues. *J.M.*, 2020 WL 6281719, at *6. He makes no argument on this point other than conclusory statements.

For these reasons, the motion to deem certain allegations in the Complaint admitted, or alternatively to strike certain portions of the Answer, is denied.

### C. Motion for Sanctions

Ryu moves to sanction the Bank for, in his view, denying allegations without a reasonable basis for doing so. (DE 71 at 1–5.) As a sanction, he asks the Court to deem those allegations admitted. (*Id.* at 36.) This motion is inconsistent with the substance-based approach embodied in the promulgation of the Federal Rules in 1938. The point of this exercise is not to produce a perfect set of pleadings, but to get to the merits. Rule 11 is of course available as a back-up sanction for those who abuse the system, but it does not signal a return to the common-law "battle of the pleadings" model of litigation.

Rule 11 provides that "[b]y presenting to the court a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4). This Rule "imposes an obligation on counsel and client analogous to the railroad crossing sign, 'Stop, Look and Listen.' It may be rephrased, 'Stop, Think, Investigate and Research' before filing papers." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). Rule 11 further provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule." Fed. R. Civ. P. 11(c)(1).

The test for sanctions is "an objective one of reasonableness." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 207 (3d Cir. 2019) (citation omitted). I evaluate counsel's "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations and quotation marks omitted). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Id.* (citations and quotation marks omitted).

Ryu's motion fails for two reasons. First, he improperly uses a motion for sanctions to test the merits, a function that is provided for elsewhere in the Rules. "A [Rule 11] motion should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11, Advisory Committee Notes (1993 amendments); *see also Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 315 F. Supp. 2d 623, 627–28 (D.N.J. 2004). Ryu's motion for sanctions is just his Rule 12(f) motion in different clothing. *Cardinale v. City of Atlanta*, No. 20-cv-01077, 2020 WL 3046396, at *9–10 (N.D. Ga. June 8, 2020) (motion for sanctions inappropriate when it sought admissions); *see Gaiardo*, 835 F.2d at

7

485 (motion for sanctions should not be used as "additional tactic" in litigation).[4]

Second, Ryu has not shown that the Bank's Answer was unreasonable. For starters, Ryu himself skirted the bounds of Rule 8 by filing a 215-paragraph complaint packed with arguments instead of factual allegations. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement"). Now he takes the Bank to task for, in his view, not responding specifically to every granular allegation therein. (*E.g.*, DE 71 at 26–27 (faulting the Bank for responding to "The Bank is a Korean American Bank" with an admission that "the Bank is a bank").[5] Moreover, many of his own allegations were impermissibly argumentative, rather than factual, so the Bank must be given some leeway in responding. *See Cardinale*, 2020 WL 3046396, at *9 ("While perhaps some of the justifications for the denials evince a surfeit of caution, some of Plaintiff's allegations are argumentative or state legal conclusions. Upon review, the Court finds that all of the challenged denials were either sufficient, or at the very least reasonable under the circumstances." (footnotes omitted)).

At bottom, the Bank's denials were based on its reasonable view of the evidence. (DE 83 at 16–36 (explaining how evidence supported each response).) Ryu sees the evidence differently, and he thinks that the Bank's Answer should have endorsed his view. But courts deny sanctions when the facts "could be reasonably interpreted in more than one way." *Gordon v. United Continental Holding, Inc.*, 73 F. Supp. 3d 472, 481 (D.N.J. 2014) (citation omitted); *see*

---

[4] Although a court can impose nonmonetary sanctions, Fed. R. Civ. P. 11(c)(4), deeming allegations admitted is a rare sanction, remote from the Rule's heartland and purposes. *See Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1375–76 (S.D. Fla. 2005) (finding affirmative defenses deficient but using Rule 12(f) to strike them while using Rule 11 to shift attorney's fees as the sanction); *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994) ("If an attorney, rather than a client, is at fault, the sanction should ordinarily target the culpable attorney.").

[5] The example is a small one, but illustrative. The Bank can perhaps be forgiven for failing to discern what a "Korean American Bank" might be, but responding to what seemed to be the gist of the allegation.

*Wartsila*, ("[Rule 11] motions should not be made . . . for minor, inconsequential violations of the standards." (quotation marks and citation omitted)).

The Bank has set forth its explanation for each paragraph, which I have reviewed. Because each response had some basis in evidence—and the summary judgment record provides some corroboration for that—the Bank's Answer was not unreasonable. Accordingly, the motion for sanctions is denied.

### III.   CONCLUSION

For the reasons set forth above, the motions are denied. A separate order will issue.

Dated: March 5, 2021

/s/ Kevin McNulty

_____
**Hon. Kevin McNulty
United States District Judge**