# EXHIBIT 5

# SteveHarveyLaw LLC

Stephen G. Harvey
Attorney at Law
steve@steveharveylaw.com

August 5, 2019

**Via ECF (filed under seal)**

The Honorable Joseph A. Dickson
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

    Re:    *Bank of Hope v. Miye Chon, et al.*
               **Case No.: 2:14-cv-01770-KM-JAD**

Dear Judge Dickson:

       We write in response to the letter to you from Michael Yi filed a few minutes ago in which he requests until this Friday to file a response to Ryu's Second Emergency Motion to Enforce Settlement. With all due respect, the Bank does not need that much time to respond. I returned from vacation on Saturday night and with Mr. Dzara's help prepared the Motion yesterday afternoon and filed it last night. The Bank should be able to respond in writing no later than Wednesday at noon.

       Expedited handling of this matter is necessary, because of the extraordinary harm that will befall Ryu and his family if the Bank is permitted to renounce what Ryu's believes to be a binding settlement agreement. You will recall that on July 24 in a conversation in chambers, with counsel for the Bank present, I explained that Ryu is in desperate need for the settlement funds and urged the settlement to be paid within a day or two, but the Bank's counsel insisted that it needed more time and assured the Court and Ryu's counsel that payment would happen within ten days and sooner if possible.



Hon. Joseph A. Dickson
August 5, 2019
Page 2

      Ten days passed on Saturday, and the harm to Ryu is imminent. The sheriff's sale of my client's home is scheduled for August 23, and he cannot go in at the last minute with funds to postpone it. He must act soon, as in today or at least this week. Otherwise, his family will literally be out on the street later this month. That is not all the harm that would befall Ryu and his family. He also has a college payment due in August that, if not made, would prevent his daughter from attending college in the fall. Further, Ryu now has no funds other than small amounts he can borrow off friends to pay for food, gas, and electricity. This is a crisis. I can submit a declaration from Mr. Ryu on this point should the Court or counsel require it.

      Ryu also wishes to advise the Court that he consents under 28 U.S.C. § 636(c)(1) to having his Second Emergency Motion to Enforce decided by you. Based on a conversation with counsel, Ryu expects the Bank to consent as well.

      Finally, one supplemental point that Ryu wishes to make, based on the exchange of views this morning, is that Ryu's right to indemnification once he prevailed on the Bank's claim against him, as pleaded by Ryu in this action, was well known to the Bank prior to July 24, as the point was addressed in numerous places in addition to the pleadings, including settlement correspondence from me to Mr. Yi dated December 24, 2015, Ryu's Statement of Qualified Non-Opposition to Bank of Hope's Motion to Dismiss Its Claims for Relief Against Him dated April 1, 2019 (ECF No. 290 at 3), and the parties Proposed Final Pretrial Order dated June 21, 2019 (ECF No. 306 at 27).

      Respectfully,

STEVE HARVEY LAW LLC

By: _____
    Stephen G. Harvey

cc:    Michael M. Yi (via ECF)
       David V. Dzara (via ECF)