UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUK JOON RYU, a/k/a James S. Ryu,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF HOPE,<br><br>Defendant. | Civil Action No.: 2:19-18998 (KM) (JBC)<br><br>*Document Electronically Filed*<br><br>[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION TO SEAL PURSUANT TO L. CIV. R. 5.3 |

**THIS MATTER** having been brought before the Court by way of Defendant Bank of Hope's Consolidated Motion to Seal portions of the Brief, Certification of Counsel, and Exhibits in Support of the Bank's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and portions of the Exhibit to the October 19, 2020 Letter to the Court; and the Court having considered the Bank's submissions and proposed sealed information, and the factors contained in Local Civil Rule 5.3(c)(2); and any opposition thereto by Plaintiff ; and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

1. Defendant Bank of Hope ("the Bank") has filed with this Court: Moving Brief and Statement of Undisputed Material Facts submitted in support of Defendant's Motion for Summary Judgment as to Count I of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 56 (ECF No. 34); (2) Certification of Counsel and

Firm:52501717v2

Exhibits thereto (ECF No. 35); (3) Reply Brief (ECF No. 66) in further support of summary judgment; and (4) the Exhibit to the October 19, 2020 Letter from Eric W. Moran to the Hon. Kevin McNulty, U.S.D.J. (ECF No. 68). Portions of these documents contain information that is subject to a Discovery Confidentiality Order ("DCO") entered by The Honorable Joseph A. Dickson, U.S.M.J. in a prior civil action between the parties, *Wilshire Bank v. Miye Chon, Suk Joon Ryu, et als.*, No. 2:14-cv-01770 (JLL) (JAD) (the "Embezzlement Action") (ECF No. 149) and a Protective Order entered by The Honorable William H. Walls, U.S.D.J. in a prior criminal action, *United States of America v. Miye Chon*, No. 2:15-cr-77 (WHW) (the "Criminal Action") (ECF No. 42).

2. The DCO entered in the Embezzlement Action allowed the parties to designate information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". The DCO acknowledged that the parties would exchange documents that contained confidential information, and strictly limited access to those documents.

3. The parties' obligations to comply with the terms of the DCO survived the termination of the Embezzlement Action and are continuing at the present time.

4. The Protective Order entered in the Criminal Action allowed production of certain government records, including FBI memoranda of interviews, in the Embezzlement Action, in accordance with the terms of the DCO entered in the Embezzlement Action.

5. In addition, in the Embezzlement Action, certain deposition testimony made reference to the names and confidential financial information of several of the Bank's account holders. The Exhibits in Support of the Bank's Motion for Summary Judgment included several of these documents. The Brief, Statement of Undisputed Material Facts, and Certification of Counsel in Support of the Bank's Motion for Summary Judgment made reference to these Exhibits and to the highly sensitive and confidential information contained therein.

6. The Bank moved to seal those portions of the Brief, Statement of Undisputed Material Facts, Certification of Counsel, and Exhibits in support of its Motion for Summary Judgment (1) containing information protected by and subject to the DCO entered in the Embezzlement Action and the Protective Order entered in the Criminal Action, and (2) containing highly sensitive personal and financial information entrusted to the Bank by its account holders.

7. The Bank seeks to protect the confidential information identified in the Appendix to the Certification of Eric W. Moran, Esq. in Support of the Motion to Seal pursuant to Local Civil Rule 5.3 ("the Bank's Confidential Information").

## The Bank's Confidential Information

8. The Bank's Confidential Information, all of which is identified in the Appendix to the Certification of Eric W. Moran, Esq., refers to information and documentation protected by and subject to the DCO entered in the Embezzlement Action and the Protective Order entered in the Criminal Action, as well as highly sensitive personal and financial information related to several of the Bank's account holders.

9. The Bank has a legitimate interest in maintaining the confidentiality of this information in order to (1) comply with its continuing obligations under the DCO entered in the Embezzlement Action and with the terms of the Protective Order entered in the Criminal Action, and (2) maintain the privacy and confidentiality of the highly sensitive personal and financial information entrusted to the Bank by its account holders. There is also substantial public interest in not burdening litigants' access to the Court by requiring public disclosure of highly sensitive, personal, and confidential information as a condition of litigating their rights.

10. The clearly defined and serious injury that would result should the designated portions of the Brief, Statement of Undisputed Material Facts, Certification of Counsel, and Exhibits in Support of the Bank's Motion to Dismiss not be sealed are as follows: (1) the Bank would be placed in clear violation of its continuing obligations under the DCO entered in the Embezzlement Action and of

the terms of the Protective Order entered in the Criminal Action; and (2) the highly sensitive, personal, and confidential financial information of several of the Bank's account holders would be made publicly available, thus placing the Bank in violation of its duties to its account holders, and subjecting the Bank's account holders to untold harm due to the public disclosure of such information.

11. There is no less restrictive alternative available other than to seal the unredacted materials containing the Bank's Confidential Information identified in the Appendix to the Certification of Eric W. Moran, Esq. Redacted versions of the portions of the Brief, Statement of Undisputed Material Facts, Certification of Counsel, and Exhibits in Support of the Bank's Motion to Dismiss that are the subject of this Motion to Seal have already been filed with the Court and are publicly available.

## **CONCLUSIONS OF LAW**

12. The Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and the submissions in support of the Motion, finds that the Bank has satisfied its burden of proving under Local Civil Rule 5.3(c) and applicable case law, that the information sought to be sealed by the Bank contains confidential information that warrants sealing.

13. Although there is a presumptive right of access to documents filed in connection with a motion for summary judgment, this presumption is just that and

may be rebutted. *In Re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). The party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption. *Id.* The movant must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The Court has power to seal confidential information based on its inherent supervisory authority over its own records and files to deny public access to judicial records where those records might "become a vehicle for improper purposes." *In re Cendent*, 260 F.2d at 194. Moreover, this Court has held that when a party has previously agreed to a joint protective order related to certain documents, the party is effectively conceding that the documents subject to the joint order are in fact confidential. *Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 WL 834399, at *4 (D.N.J. Mar. 27, 2008).

14.    Financial institutions have "affirmative and continuing obligations to respect the privacy of [their] customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801, et seq. The inclusion of "confidential business information including sensitive financial information" within a document warrants the sealing of that document. *Goldenberg v. Indel*, No. 09-5202, 2012 WL 15909, at *4 (D.N.J. Jan. 3, 2012). While disclosure

Firm:52501717v2

of the names and/or financial information of clients may be relevant for discovery purposes, it is not necessarily of public import. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 487 n. 19 (3d Cir. 1995). Indeed, this Court has protected via sealing orders documents containing the personal and financial information of nonparties. *See Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 86 (D.N.J. 2014); *Platt v. Freedom Mortgage Corp.*, No. 10-968, 2013 WL 6499252, at *10 (D.N.J. Dec. 11, 2013). So long as the party seeking to have certain documents sealed by the court has demonstrated "(1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury", the motion to seal should be granted. *Archbrook Laguna LLC v. New Age Electronics, Inc.*, No. 08-1421, 2008 WL 2987164, at *4 (D.N.J. Aug. 4, 2008).

15. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

16. The information identified in the Certification of Eric W. Moran, Esq. and Appendix thereto satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the materials.

**WHEREFORE**, the Court having found that the relief sought is warranted, and for good cause shown,

**IT IS ON THIS** 23rd **DAY OF** November, **2021, ORDERED AS FOLLOWS:**

1. The Consolidated Motion to Seal is **GRANTED**.

2. The material identified in the Appendix to the Certification of Eric W. Moran, Esq. in Support of the Consolidated Motion to Seal contains confidential and/or highly confidential information and shall remain sealed.

**IT IS SO ORDERED.**

_____
Hon. James B. Clark, U.S.M.J.

*This order terminates Dkt. No. 96